[244]    due from Nathan *to Levy, and ordered that Nathan have leave to file a bill of interpleader in relation to the matter in controversy.

Plaintiffs appealed.

Mr. J. HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The answer of the garnishee does not disclose that there are any liens upon the building having priority of claim upon the fund in the hands of the garnishee.

The District Court erred, therefore, in presuming the existence of such claims.

The order for a bill of interpleader is reversed, and the Court below is directed to enter judgment in conformity with the liability of the garnishee upon his answer.

------

JUAN GARCIA, RESPONDENT, v. M. DE SATRUSTEGUI, APPELLANT.

[1] PLEADING — OBJECTIONS TO BE TAKEN BY DEMURRER. — An omission to allege delivery in a suit on a bond, can be taken advantage of only on demurrer.

APPEAL from the Fifth Judicial District.

*Barbour* for Appellant.

*Halleck, Peachy, Billings & Park,* for Respondent.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

By the previous decisions of this Court we are compelled

[1] Cited in *Wilkins* v. *Stidger*, 22 Cal. 235. See *Ritchie* v. *Davis*, 5 Cal. 453; *Sutter* v. *Cox*, 6 Cal. 415.

to decide that the statement in this case has not been made in conformity to the statute, and is no part of the record. The case must therefore rest upon the judgment roll.

The only error relied on, at least of consequence, is, that the declaration does not allege a delivery of the bond sued on. This was a defect in pleading, which might have been taken advantage of on demurrer, but not having been so taken advantage of, is cured by the verdict. (See 1 Chitty's Pleadings, ₰ 912.)

Judgment affirmed, with costs.