## NICKERSON v. CHATTERTON et al.

In an action of replevin, where the defendant has required the return of the property, and given an undertaking for such purpose; a judgment for plaintiff, in order to hold the sureties on the undertaking must be in the alternative, as required by sections one hundred and four, one hundred and seventy-seven, two hundred, and two hundred and ten, of the Practice Act.

The sureties only bind themselves to make good any judgment that plaintiff may lawfully obtain against defendant.

Where the recovery of the property is the primary object of the suit, as in some cases where damages will not compensate plaintiff, he should frame his bill in equity, specifying the reasons therefor, and then a decree can be made to compel a specific delivery.

In an action against the sureties on a replevin bond, it is necessary to allege and prove that the property was delivered to the party requiring it, and for whom the bond was given.

The liability of the sureties cannot be more than the value of the property fixed by the judgment in the original suit.

APPEAL from the District Court of the Eleventh Judicial District, County of Placer.

Nickerson, the plaintiff in the Court below, brought an action against the California Stage Company to recover the possession of a horse of the value of four hundred dollars, and claimed a delivery of the horse at time of commencing suit.   Before the time expired for the sheriff to deliver the horse to the plaintiff, the stage company procured the defendants to execute an undertaking for the return of the horse to them, which was for the sum of eight hundred dollars, conditioned as follows :

" That if the delivery of the personal property to the plaintiff be adjudged by the Court, then the said defendants shall deliver the said horse to the plaintiff, and also pay to the said plaintiff such sum of money as may for any cause be recovered against the defendants in this action."

This was an action brought by the plaintiff against the defendants, on their undertaking given in the suit of the plaintiff against the stage company.

The complaint contains a copy of the undertaking, and avers that on the sixteenth day of January, 1856, the plaintiff secured judgment against the stage company " for the restitution of the said horse, described in the said undertaking, and for the sum of three hundred dollars damages, and one hundred and forty-nine dollars costs of said action, and that said horse be delivered to plaintiff."

The complaint further avers, that the value of the horse was four hundred dollars, and that his services and use are worth four dollars per day.

The breach alleged is that, although often requested so to do, neither the said California Stage Company, nor the said defend-

ants, have delivered said horse to said plaintiff; nor has the said plaintiff been paid the sum of four hundred dollars—the value of said horse—nor damages for his detention.

The damages prayed for were eight hundred dollars.

The defendants demurred to the complaint, which was over-ruled, and then default entered, and afterwards judgment was entered against them for the sum of eight hundred dollars and costs, from which judgment they appealed.

*Smith & Hardy* for Appellants.

The complaint is substantially defective, because it does not state that the horse was returned to the California Stage Company, upon the execution and delivery of the defendants' under-taking. See Palmer *v.* Melvin, October Term, 1856.

In actions for the recovery of specific personal property—where the property has not been delivered to the plaintiff, and he recovers at the trial—the jury must find the value of the property, and the Court must give judgment for the restitution of the property sued for; and in case restitution cannot be had, then for its value as found by the jury. The execution, which may be issued to enforce such judgment, must conform thereto, and direct the sheriff to deliver the property to the plaintiff, and if a delivery thereof cannot be had, then to satisfy the execution for the value of the property. See Practice Act, §§ 177, 200, and 210, subdivision 4.

In order to entitle the plaintiff to recover against these defendants—who were merely sureties for the stage company—he must show, by his complaint, not only that the horse was found to be of some certain value, but he must also show that an execution was issued against the stage company to enforce the judgment, and was returned *nulla bona*, both as to the horse and his value. The plaintiff must show by his complaint that he has exhausted his remedial process against the stage company, on the judgment against them, before he can sue the defendants for a breach of the undertaking. Duggan *v.* England, Harper's R., 217; Pemble *v.* Clifford, 2 McCord's R., 44; Wise *v.* Shepherd, 13 Ill. R., 41.

The judgment is an entirety, and includes damages for which the defendants could not, in any event, be made liable on their undertaking. It is, therefore, erroneous, at least in part, and should be reversed. Burris *v.* Johnson, J. J. Marshall, 196; Dryden *v.* Dryden, 9 Pick, 546; Hay *v.* Imlay, 2 Penn., 832; Riggs *v.* Tyson, Coxe's R., 34.

*Crocker & Robinson* for Respondent.

The undertaking sued on is under seal, which imparts a consideration, and defendants are estopped from denying it.

The point, that there was no delivery of the horse to the stage

company was not made in the Court below, and cannot be made here. All other causes are waived. 3 Cal., 341.

Under our practice, it is only necessary to set forth sufficient to apprise the defendant of cause of indebtedness, or other cause of action, so as to apprise the defendant of the object of the suit.

Milliken *v*. Hill, July T., 1855: Defendants here are fully apprised of the object of the suit.

The complaint fully sets out the judgment, issue of execution, and return *nulla bona*, and contains all the documents necessary to apprise the defendants of the cause of action.

A judgment for the full penalty of the undertaking is proper, and the only judgment that can be given upon an undertaking of this kind. 2 Yeates, 418.

BURNETT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The plaintiff brought an action against the California Stage Company, to recover the possession of a horse, of the alleged value of four hundred dollars. The sheriff took possession of the horse; and the stage company, under the 104th section of the Practice Act, required a return thereof; and defendants, Chatterton and Waters, entered into an undertaking, as required by that section. The plaintiff recovered judgment against the stage company, and then brought suit against defendants on their undertaking. The defendants demurred to the complaint, which demurrer was overruled, and they appealed to this Court.

The first objection urged against the complaint is, that there is no allegation that the horse was delivered by the sheriff to the stage company. A copy of the undertaking is set out in full in the complaint, from which it appears that the sheriff had taken possession of the horse for the plaintiff under sections 101 and 102; and in assigning breaches of the undertaking, the plaintiff states, that neither the stage company, nor the defendants, had delivered the horse, but does not allege that the sheriff had delivered the animal to the stage company, so that the company could have delivered it to the plaintiff. It would seem clear, that the delivery of the horse to the stage company must precede the liability of the defendants upon the undertaking, although it is under seal. It is a condition precedent, apparent upon the instrument, taken and construed with reference to the law under which it was given, and which forms a part of the undertaking itself. Mattoon *v*. Eder et al., Jan. Term, 1856; Russell et al. *v*. Elliot et al., 2 Cal., 245.

The complaint should have alleged the delivery of the horse to the stage company. It was an affirmative fact, going to the merits of the plaintiff's claim for the value of the horse, and should have been alleged and proven. In the case of Palmer et al. *v*. Melvin et al., decided at the last October Term of this

Court, it was held, that the complaint was defective, because "it did not state the property attached was released upon the execution and delivery of the bond." "To charge the defendants, it is necessary to allege the consideration of the undertaking, and a mere reference to the condition of the bond is insufficient."

Another objection urged against the complaint is, that it simply alleges that plaintiff obtained judgment against the company, "for the restitution of the horse, and for the sum of three hundred dollars, and one hundred and forty-nine dollars costs." The defendants insist, that in actions for the recovery of specific personal property, the verdict of the jury must find, first, the value of the property, and which party is entitled to it; and, second, the damages, if any are claimed and proved, and that the judgment and execution must follow the verdict, and be in the alternative, that the successful party shall have a delivery of the property, or if that cannot be had, shall recover the value as found by the jury, and stated in the judgment, and also his damages and costs.

Taking the different provisions of the Practice Act together, sections 104, 177, 200, and 210, it would seem that the judgment should be taken in the alternative. It would, also, seem to be true, that the securities to the undertaking only bind themselves to make good such judgment as the plaintiff may lawfully obtain against the defendant. In other words, they only guaranty to make good such a judgment as the law allows to be rendered under such proceedings. If, therefore, the proper judgment be taken in the alternative, and the defendant fails to discharge the judgment, the securities can only be required to pay the value of the property, and the amount of the damages and costs. It also follows from these positions, that the plaintiff, in a suit against the securities, cannot recover damages for the detention of the property, his damages being the legal interest upon the amount of the judgment. The judgment in the original case fixes the value of the property, the amount of damages and costs, and these constitute the limit and extent of the liability of the securities; and the reasons for this position would seem to be ample.

The undertaking of the securities is but conditional, and if the condition fails, they make good their engagement by paying the amount of the judgment. They are not to be held responsible for the hire of the property, but for its value as assessed by the jury in the suit to recover it in the first instance. As the suit against the securities is not for the recovery of the property, they having it not in possession, they cannot be responsible for its hire. The plaintiff already having judgment for the delivery of the property, upon which he can issue his execution, and under which the sheriff can take the property itself, the plaintiff has no cause to sue the defendants to regain the possession of the property, but only for the amount of the judgment. By

their undertaking they agree to pay the judgment, in the event that their principal fails either to deliver the property or pay its value, or fails to pay the damages and costs. When the plaintiff or defendant, in the original suit, obtains judgment for the delivery of the property, or if it cannot be found, then for its value, the title in the property vests in the party against whom the judgment is given, subject to the right of the successful party to take it in discharge of so much of the judgment as is made up by the assessed value of the property. If, therefore, the property should be accidentally lost or destroyed, *after* judgment and *before* possession by the sheriff, the loss would fall upon the unsuccessful party, and he would be bound to pay its value.

The plaintiff alleges in his complaint, that neither the stage company nor the defendants had delivered said horse to plaintiff, nor had they or either of them paid the said sum of four hundred dollars, the value of the horse, as alleged in the complaint in the case against the stage company. But there is no averment that any value was found by the jury or the Court, in that case, and the allegation that neither the horse had been delivered, nor the mere *alleged* value had been paid, is not sufficient. " And when a party undertakes to do one of two things, the party who would take advantage of the non-performance must aver that he has performed neither the one nor the other." Mr. Justice Nott, in Duggan v. England, Harper's Rep., 217. See 1 Str., 594; 2 East., 2.

It would seem that in a case like this, the securities should not be responsible for more than the value of the property, as fixed by the judgment in the original suit, and the judgment should be in the alternative, so that the defendant may discharge it by paying the value of the property, if the property cannot be found. If the recovery of the property is the primary object of the suit, as it is in some cases, when damages will not compensate the plaintiff, then the injured party should frame his bill in equity, specifying the reasons for seeking the recovery of the property itself, and then the decree can be so framed as to compel a specific delivery. But in cases like this, when the plaintiff can be compensated in damages, he must take his judgment in the alternative, and if he can find the property he can take it; if not, he must take the value, and he can only ask the securities to make good the judgment. The securities cannot be held to do more than their principal was required to do. It is true that the learned counsel for the plaintiff refers to the case of Miller v. Fontz & Wither, 2 Yeats, 418, as an authority for the position that plaintiff would be entitled to recover the full amount of the sum mentioned in the undertaking, without regard to the fact, whether the principal had failed to comply with the judgment of the Court in the original case, in whole or only in part. From that case, it appears the authorities have been conflicting. This

was a case decided in 1798, and upon a statute of 1772, which it is apprehended was not entirely similar to our Practice Act in this respect.

It is also objected that the complaint does not show that an execution was issued in the case against the company, and returned unsatisfied. The plaintiff's counsel, in answer to this objection, state that "the complaint fully sets out the judgment, issue of execution, and return *nulla bona*." This statement is a mistake, so far as it respects the issue and return of the execution.

We are not, however, prepared to sustain this objection. We think the plaintiff was not bound to delay suit upon the undertaking until after the issue and return of the execution. The securities could, at once, upon the bringing of this suit, have discharged the liability by paying the judgment, had the same been properly taken, and the complaint in the present case properly framed.

It is not necessary to examine the other points in the case, as they involve no important principle.

For these reasons, we think the judgment of the Court below ought to be reversed, and the cause remanded for further proceedings, with leave to plaintiff to amend his complaint.