## JOHN A. CLARY *v.* A. ROLLAND AND C. REDWITH.

COMPLAINT IN ACTION TO RECOVER PERSONAL PROPERTY.—In an action against the sureties on an undertaking given in a replevin suit, where there has been a trial and judgment in the replevin suit, the complaint does not state facts sufficient to constitute a cause of action unless it aver that the value of the property was found by the jury, and that an alternative judgment was rendered, as provided in section two hundred of the Practice Act.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The complaint averred, that on the 25th of January, 1862, Clary, the plaintiff, was the owner of and in the possession of certain personal property, (describing the same,) and that one Verdon brought an action against plaintiff to recover possession of the same, and that defendants Rolland and Redwith executed the undertaking, and that the Sheriff took the property from plaintiff, etc. ; that a trial was had, and judgment was rendered in favor of Clary for the restitution of the property, and for return thereof to Clary, and for costs of suit. The complaint further alleged that the property had not been returned.

*H. O. Beatty*, for Respondent.

If this was a new proposition, unembarrassed by former decisions, I should say it was clear. The parties who sign the undertaking (defendants in this action) undertake, among other things, " for the return of said property to the said

defendant, if return thereof be adjudged." Now, that undertaking is distinct; it is not qualified by any other language in the instrument. Then, what allegations besides the mere formal part of the pleadings must be made to entitle the plaintiff to recover?

First—That a return of the property had been adjudged.

Second—That it never had been returned.

Now, those allegations are doubtless made in proper form in the complaint demurred to.

The undertaking contains no condition or promise about the alternative judgment or value, but a simple undertaking for the return of the goods replevied.

If such condition is incorporated therein by operations of law, it can only be because the law in effect declares that no judgment for the property without the alternative shall be a good and valid judgment. Indeed, Mr. Justice Burnett put it expressly on that ground. He says: "It would seem that the sureties only bind themselves to make good such judgment as the plaintiff may *lawfully* obtain against the defendant." Here, then, is the whole foundation of Mr. Justice Burnett's surmises. A judgment without the alternative value would not be lawful. In *Ginaca* v. *Atwood*, 8 Cal., the Court decided such judgment would be lawful in case of nonsuit. In *Nickerson* v. *The Cal. Stage Co.*, this Court decides it is a lawful judgment in a case where there was not a nonsuit, but a finding of the jury on the issues submitted to them. If, then, such judgments *are* lawful, what becomes of the surmises founded on the supposition they are not lawful.

The form of the undertaking is prescribed by legislative Act. If it was intended to limit the liability of the sureties in the manner contended for, why was not this alternative condition inserted in the form of the bond?

*George W. Tyler*, for Respondent, cited *Nickerson* v. *Chatterton*, 7 Cal. 568.

By the Court, Sawyer, J.

This is an appeal from a judgment in a suit against the

John A. Clary *v.* A. Rolland *et al.*

sureties on an undertaking given in a replevin suit. The Court sustained a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the plaintiff declining to amend, final judgment in the case was entered.

The point of the demurrer is, that it does not appear that in the suit to recover the possession of the property the value of the property was found by the jury, or that an alternative judgment was rendered, as provided in section 200 of the Practice Act. The question must be determined by a construction of sections 177, 200, and 210, subdivision 4 of said Act, and the terms of the undertaking.

If we were called upon to construe the sections, as an original question, unaffected by any prior decision upon the same point, we might be disposed to hold the complaint sufficient in this respect. Such was our impression upon the argument, but upon a careful examination of the decisions of the Supreme Court referred to in the argument, we find that the point has been determined the other way. In *Nickerson* v. *Chatterton*, 7 Cal. 568, the precise question arose in an action upon an undertaking given by the defendant, under section 104 of the Practice Act, containing a similar condition. In that case a judgment had been entered in the replevin suit in favor of plaintiff, for restitution of the horse in controversy, and for damages and costs; and the breach alleged was the non-delivery of the horse and non-payment of the damages for his detention. As in the present case, the jury did not find the value of the property, and consequently that fact was not alleged. The defendants demurred. The demurrer was overruled, and judgment entered, from which defendants appealed. The precise point made by defendant in the case now before the Court was made and relied on in that case, viz: That, in order to hold the sureties on their undertaking, the value of the property must be found by the jury, and the alternative judgment provided for by section 200 entered in the case.

The Court fully considered the question and decided it, sus-

taining the point made. One other point made by the appellant was decided by the Court in his favor, and the reversal of the judgment of the Court below was placed on both grounds. It is insisted by respondent that because there was another point decided upon which the judgment of reversal was correct, that the decision on this point is merely *dictum*. But we might just as well treat the decision on the other point as *dictum*. The appellant directly made and relied upon both points, the Court considered and decided both, and devoted much the larger share of the opinion to the discussion of the point now before the Court. The opinion closes with these words: "For these reasons we think the judgment of the Court below ought to be reversed."

The opinion was written by Mr. Justice Burnett, and concurred in by Mr. Chief Justice Murray. We cannot find that the decision on this point has been questioned in any subsequent case, although several have arisen where the Judges would have been likely to have suggested doubts had any existed in their minds.

In *Ginaca* v. *Atwood*, 8 Cal. 446, it was sought to apply to that case the doctrine laid down in *Nickerson* v. *Chatterton*. This was also an action on a similar undertaking. The plaintiff in the suit to recover the property had been nonsuited, and a judgment for the return of the property had been entered in favor of the defendant. As the plaintiff was nonsuited, there had been no opportunity for a jury to find the value. The breach was a non-delivery of a portion of the property. A demurrer was interposed to the complaint, the point of which was that the value of the property had not been ascertained by the jury. Mr. Justice Field delivered the opinion of the Court, Mr. Justice Terry and Mr. Justice Burnett concurring. No doubt is intimated as to the correctness of the rule laid down in *Nickerson* v. *Chatterton*. On the contrary, the Court takes an obvious distinction between the two cases, and by strong implication approves the doctrine of the former case, as will be seen from the following passage. Mr. Justice Field says:

"Section 177 of the Practice Act applies only where the issues of the case have been submitted to and passed upon by the jury.   It does not apply to a case of judgment of nonsuit. The decision of the Court in *Nickerson* v. *Chatterton* and others, (April term, 1857,) also, only applies to cases which have been submitted to a jury.   The present case is like a judgment upon a discontinuance, in which no jury is called.   The facts which upon a trial by a jury would have been found in the original replevin suit are by such a judgment left to the determination of the jury called in the suit on the undertaking, so far as the conditions of the undertaking will authorize an inquiry into them."

The only point made and relied on was the same relied on in the present case.   The Court certainly had a legitimate opportunity to suggest a doubt as to the correctness of the ruling in *Nickerson* v. *Chatterton*, if they had any, or if they did not intend to adhere to it.   But not only was no doubt suggested, but the Court seeks other grounds upon which to base their decision, and expressly put it upon the ground that section 177 of the Practice Act, and "the decision of this Court in the case of *Nickerson* v. *Chatterton* and others, (April term, 1857,) construing that section only to apply to cases which have been submitted to a jury;" thereby strongly implying that the section and decision in that case would govern where the case has been tried by a jury.   Here was a Court comprised, in part, of other Judges, tacitly, at least, recognizing the validity of the rule laid down in *Nickerson* v. *Chatterton*.

The plaintiff in *Nickerson* v. *Chatterton* having failed in that suit to recover against the sureties, subsequently brought his action against the principal—the California Stage Company—to recover the value of the property.   The same defense was substantially set up in the form of a former recovery in the replevin suit, and this case found its way to the Supreme Court.   (*Nickerson* v. *California Stage Company*, 10 Cal. 521.)   Still another Judge (Mr. Justice Baldwin) had come upon the Bench.   In deciding the case, the Justice who

delivered the opinion of the Court says: " The defendant objects that under our statute there should have been a finding of the value in the replevin suit, and an alternative judgment for the return of the property, or the payment of its value. *This would have been necessary to enable the plaintiff to recover against the sureties on the replevin bond;* but the failure to do so cannot affect his rights as to the defendants."

Here the rule in *Nickerson* v. *Chatterton* was invoked and relied on, and the Court directly, in express terms, approve of the rule as applied to a case where it is sought to hold the sureties—but say it does not apply to the principal. As applied to that case it may be dicta, but it shows that the Justice had no doubt as to the propriety of the construction given to the provisions of the Practice Act under consideration.

Again, in *Mills* ·v. *Gleason*, 21 Cal. 280, the same section of the Practice Act came under consideration—Justices Cope and Norton having in the meantime come upon the Bench. Mr. Justice Cope, in delivering the unanimous opinion of the Court, says: "A dismissal stands upon the same footing as a nonsuit, leaving the parties to settle in an action upon the undertaking those matters *which, if the original suit were prosecuted, it would be necessary to determine in the first instance.*"

*Nickerson* v. *Chatterton* was cited by counsel in the argument; and the Court, in the passage just quoted, and what follows, assume that if the action in the original suit had not been dismissed, but had been prosecuted, it would have been " necessary to determine, in the first instance," the matters provided for in the sections of the Practice Act under consideration.

The decision in *Nickerson* v. *Chatterton* was rendered seven years ago. In these repeated instances the construction of the statutes announced in that decision has been brought to the notice of the Court, and recognized both expressly and by implication, and no doubt as to its correctness, so far as we can find, has been, in any instance, suggested or intimated.

The question arises upon the construction of a statute pre-

scribing a remedy upon a point that was, at least, debateable. This construction by the highest Court of the State, so often recognized in subsequent cases, or, at least, brought to the notice of the Court and passed by without criticism, has become a part of the law itself, and the sureties in such cases may, perhaps, be deemed to contract in view of this exposition of the extent of the liabilities they assume. If a litigant, by this construction, is stripped of a right which is supposed to be given him on breach of the first condition of the undertaking, as is contended by the appellant, it is his own fault. In every case, he can require the jury to find the value of the property, and insist as a right upon the alternative judgment prescribed. The statute was authoritatively construed for him seven years ago, and this construction has been incidentally approved, expressly and by implication, frequently since that time. If he chooses, through ignorance, carelessness, or otherwise, to disregard this construction, and thereby fails to secure all his rights, it is not the fault of the law or the Courts.

Although the reasoning of the Court in *Nickerson* v. *Chatterton* is not entirely satisfactory to our minds, yet, the point was debateable, and we do not feel at liberty, at this late day, to disturb a decision concurred in by so many of our predecessors.

It is insisted that, admitting the plaintiff is not entitled to recover the value of the property, he is still entitled to recover the thirty-nine dollars and thirty cents recovered in the replevin suit, and that the demurrer was improperly sustained on that ground.

The case of *Nickerson* v. *Chatterton* seems to cover this point also. But, however that may be, under the view we have taken of the case, the only cause of action shown by the complaint, admitting that to be good, is for the costs. The amount of the costs is less than two hundred dollars, and no cause of action is shown of which the District Court could take jurisdiction.

The judgment is affirmed.