MARTIN M. MARIX v. HENRY FRANKE, *et al.*

1. UNDERTAKING IN REPLEVIN; *Action.* An action can be maintained upon an undertaking given in a replevin action, in pursuance of § 182 of the civil code, where judgment has been rendered for the plaintiff, although such judgment is entered simply for the recovery of the possession of the property, and not in the alternative for the recovery of the property or the value in case a delivery cannot be had.

2. JUDGMENT *in Replevin.* Judgment in replevin should be in the alternative, as provided by § 185 of the code; and it is error not to enter the judgment in such form. Still, unless such error affects substantial rights, or operates prejudicially to the interests of a party, it will be disregarded.

3. ——— *Title to property replevied.* Where the value of the property in dispute is ascertained by the verdict, and a judgment is rendered for the value thereof, (or for the return of the property, or for the value in case a return cannot be had,) and such money judgment is paid, the title to the property thereby becomes vested in the party against whom such judgment was given.

*Error from Leavenworth District Court.*

ACTION upon an undertaking given by defendants as sureties in an action of replevin. The undertaking, and the facts in the case, are set forth in the opinion. The action was tried at the February Term 1871, and judgment was given in favor of the defendants. New trial refused, and plaintiff brings the case here on error.

*Griswold & Britton,* for plaintiff in error:

1. The court erred in refusing to permit the plaintiff to introduce any evidence. The petition stated a good cause of action. The action was against the two persons who became sureties of a defendant in an action of replevin, and it is claimed (by defendant here) that therefore this action is upon a replevin bond; and because the jury in the replevin case did not assess the value of the property, and because the petition does not allege any such assessment, (it being conceded that the damages assessed and the costs of suit have been paid,) that the petition here does not state facts sufficient. But an action will lie on a replevin bond for the value of the property, even though the statute requires the jury to assess its value, and they fail to do so: 26 Ind., 503; 5 Allen, 348. But our statute does not *require* the jury to find the value of the property, nor does it prescribe the form of the judgment where the property has been delivered back to the defendant on his giving bond.

The defendant in an action of replevin may recover his damages in the main action, or he may maintain a separate action therefor on the bond: 10 Iowa, 45. Where the judgment in replevin determines the title to the property in controversy, such judgment is conclusive upon the parties and their privies: 12 Iowa, 73; and an irregular judgment in replevin is binding until set aside: 12 Iowa, 42.

2. But the petition shows a liability of the defendants independent of the replevin suit. It shows that plaintiff was the owner of the property, and that these defendants

have sold it and appropriated the proceeds to their own use. Had they been sued simply for this, is there anything in the other matters in the petition which if pleaded as a defense would be a bar to the action? Certainly not—and the judgment should be reversed.

*F. P. Fitzwilliam*, and *C. Tholen*, for defendants in error:

1. The judgment in the case of "Marix v. Schott" was not in the alternative, as required by § 185 of the code, and was void: *Hall v. Jenness*, 6 Kas., 357. The judgment was not for the value of the property; and the damages and costs recovered against Schott were paid by him, and there is no liability on the undertaking given by the now defendants as sureties for Schott. The liability of the defendants on the undertaking given by them cannot be greater than that fixed by the judgment the plaintiff obtained against their principal, and the plaintiff not having taken his judgment in the *alter-native for the value*, has *waived* all right to the value. Such judgment is the final adjudication between the parties, and they must look to that judgment alone for the adjudications of their rights. Having failed to obtain a judgment for the value of the property, it was his own fault, and he must suffer the attending consequences. 5 Kas., 211; 3 Kas., 231.

2. The verdict in the replevin action was defective in substance, and no judgment could be rendered on it that would bind the sureties for the value. And in this action defendants (Schott's sureties) can question its validity: 19 Wis., 318; 2 Nev., 58; 12 Ind., 404; 4 Zab., 162; 3 Kas., 231. Hence, the undertaking upon which this suit was brought became *functus officio* and inoperative, and the liability of the obligors terminated, because the plaintiff by his laches lost or waived his right to recover the value of the property by failing to take his judgment against Schott for the value. 30 Conn., 139.

The opinion of the court was delivered by

BREWER, J.: Plaintiff brought an action of replevin against John Schott, claiming to be the owner and entitled to

the possession of certain personal property. Under § 182 of the civil code Schott gave an undertaking and obtained the property. Such undertaking was as follows:

[Title.] "We, Charles Franke and Henry Franke, bind ourselves to the plaintiff, Martin M. Marix, in the sum of six hundred and twenty-three dollars, that the defendant, John Schott, will deliver the said property in controversy in this suit to the plaintiff, if such delivery be adjudged, and will pay all costs and damages which may be awarded against him. H. FRANKE.
C. FRANKE."

A trial of said action was had before a jury, a verdict returned for the plaintiff therein, and the following judgment was entered:

[Title.] "It is therefore now by the court here considered, ordered and adjudged, that the said plaintiff Martin M. Marix have and recover of and from the said defendant John Schott the personal property in said plaintiff's petition described, and the sum of one cent damages, as found by the verdict of the jury heretofore rendered herein, for the detention of said property, as well as his costs in and about this suit expended, and that execution issue therefor."

Schott paid the costs and damages but failed to return the property. This action is now brought upon the undertaking to recover the value of the property Can it be maintained? The defendants undertook that Schott should

1. Undertaking; liability of sureties. deliver the property, if delivery was adjudged. Delivery was adjudged. Schott has not delivered. By the plain language of the undertaking a liability thereon has arisen. But the statute provides that the value shall be determined in the original action. Judgment "may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had." It is no doubt true that the judgment should be entered in the alternative, and that a failure to so enter it is error, which may be corrected by proceedings in in error. *Hall v. Jenness*, 6 Kas., 356. But a judg-

2. Judgment in replevin. ment simply for the return, though irregular, is valid. It cannot be questioned collaterally. It is conclusive

so far as it goes. It can be enforced by execution. *Mason v. Richards*, 12 Iowa, 72; *Whitney v. Lehmer*, 26 Ind., 503. If the judgment is valid, how are the sureties released from their promise to see that it is performed, simply because the plaintiff has not taken all in his judgment he might have done? The defendants were not parties to the replevin action. Instead of being concluded by a finding there as to value, they may be heard here thereon. They profit rather than lose by the omission. This question was well considered by the supreme court of Indiana in the case just cited, and we agree with them that "it does not follow that the absence of such assessment and judgment shall have the practical effect of a finding and judgment that the property was of no value, or that no other tribunal shall examine the question." See also as sustaining these views, *Kaffer v. Harlow*, 5 Allen, 348; *Mason v. Richards*, 12 Iowa, 72; *Hawley v. Warner*, 12 Iowa, 42; *Hall v. Smith*, 10 Iowa, 45. The decisions of the supreme court of California upon this question, 7 Cal., 568, and 24 Cal., 147, do not commend themselves to our judgment.

The decision of this court in *Kayser v. Bauer*, 5 Kas., 211, does not conflict with the views here expressed, and the language of Mr. Justice Valentine in the opinion filed therein must be construed in reference to the facts of that case. Those facts were as follows: The creditors of one Stern levied an attachment on his (Stern's) goods. Hollenbeck, claiming to 3. *Title to proper-* have purchased from Stern, replevied from the *ty as determined by judgment.* officer. He turned the goods over to Bauer, who went on his bond to the officer. Judgment was rendered for the value of the property in favor of the defendant, the officer. The judgment was paid. Creditors of Stern then sought to garnishee Bauer as having property of Stern's in his possession. This the court decided could not be done. The defendant in the replevin suit, the officer, having taken a judgment for its value, and that being paid, the title of the property replevied vested in Hollenbeck, the plaintiff. In other words, if a party takes a judgment for the value, and

that is paid, he cannot afterwards claim the property also. This case would more nearly resemble that, had Schott delivered the property to plaintiff in pursuance of the judgment in the replevin action, and the plaintiff had then brought suit for the value.

The judgment of the court below will be reversed and the case remanded for further proceedings in conformity with the views expressed in this opinion.

All the Justices concurring.