LOMME, respondent, *v.* SWEENEY et al., appellants.

REPLEVIN UNDERTAKING —*liability of sureties—damages.* The sureties in an undertaking for the claim and delivery of property, that is in the hands of a sheriff under the writ of attachment, are liable for the damages which may be sustained by the officer and the attaching creditor, by a failure to return the property.

REPLEVIN UNDERTAKING —*parties — action for damages by creditor.* An action for damages against the sureties on a replevin undertaking, which has been executed and delivered to the sheriff, can be maintained by and in the name of the creditor that caused the officer to attach the property that has been replevied.

ATTACHMENT —*officer is trustee for creditor.* An officer that has levied upon property, holds the same and receives an undertaking, if it is duly taken from his possession, as a trustee for the benefit of the attaching creditor.

PRACTICE —*judgment for return of property — value.* In an action of replevin, a judgment for the return of property, which does not fix its value, if a return cannot be had, is irregular, but not illegal or void.

REPLEVIN UNDERTAKING — *sureties — statute —judgment.* The liability of the sureties in a replevin undertaking cannot be extended by statute, or the judgment entered in the action.

REPLEVIN UNDERTAKING—*contract of sureties.* The sureties in a statutory undertaking, for the claim and delivery of property, contract that the principal will return the property, and that they will pay any judgment that may be recovered against the principal.

CASES DOUBTED. The cases of *Nickerson* v. *Chatterton,* 7 Cal. 568, and *Clary* v. *Rolland,* 24 id. 147, doubted.

REPLEVIN UNDERTAKING —*evidence of ownership.* The defendants, in an action on a replevin undertaking, cannot show that the title is in a stranger.

REPLEVIN UNDERTAKING —*sureties—writ retorno habendo.* The sureties in a replevin undertaking can be sued, if the property is not returned after a judgment therefor, before a writ *retorno habendo* has been issued and returned unsatisfied.

PLEADING —*replevin—value of property.* In an action of replevin, the value of property must be alleged by the party that demands judgment for its value, if it cannot be returned.

REPLEVIN UNDERTAKING —*demand.* An action can be brought against the sureties in a replevin undertaking, before a demand has been made for a return of the property.

*Appeal from the Third District, Lewis and Clarke County.*

THIS action was tried by a jury that found for Lomme, and the court, WADE, J., entered judgment thereon. The facts appear in the opinion. The case of *Lomme* v. *Kintzing,* is reported *ante,* 290.

E. W. TOOLE and SHOBER & LOWRY, for appellants.

Respondent had no right to sue upon the undertaking executed to Roberts in the replevin suit. The undertaking was never assigned to respondent. Civ. Prac. Act 1867, §§ 109, 123, 131, 134, 137, 216, 217, 218. The sheriff must make the judgment creditor's demand, out of property attached by him. The bail-bond was substituted for the property in this action. The rights and duties of the sheriff are the same at common law as by statute. Barb. on Part. 22, 31, 34, 36 ; Morris on Replev. 264 ; 1 Estee's Pl. 56, § 17 ; *Seaward* v. *Malotte*, 15 Cal. 304 ; *Green* v. *Burke*, 23 Wend. 489 ; *Foulks* v. *Pegg*, 6 Nev. 136 ; *Rearce* v. *Hitchcock*, 2 N. Y. 388 ; *Ostrander* v. *Walter*, 2 Hill, 329.

The sheriff or defendant, in the replevin suit, is the real party in interest, unless, by statute, the execution creditor is expressly made so.

The verdict and judgment in the replevin suit are not such as fix the liability of the sureties on the undertaking. Civ. Prac. Act 1867, § 177 ; Thomp. on Prov. Rem. 36, 165, 166 ; *Nickerson* v. *Chatterton*, 7 Cal. 568 ; *Clary* v. *Rolland*, 24 id. 147 ; *Dorsey* v. *Manlove*, 14 id. 555 ; *Gallarati* v. *Orser*, 27 N. Y. 324.

Appellants should have been permitted to show the extent and value of the interest of Kintzing in the property. Sedg. on Dam. 582, 583 ; Thomp. on Prov. Rem. 165 ; Civ. Prac. Act, title Claim and Delivery ; *Wheeler* v. *McFarland*, 10 Wend. 322 ; *Dodge* v. *Wilbur*, 10 N. Y. 580 ; *Cresson* v. *Stout*, 17 Johns. 116 ; *Russell* v. *Butterfield*, 21 Wend. 300.

A writ of *retorno habendo* should have been issued and returned in the replevin suit. Civ. Prac. Act 1867, § 210, 134 ; Thomp. on Prov. Rem. 38, 167.

There should have been a demand for the property. Respondent should have given an indemnity bond to the sheriff, and retained the property, in order to have any rights therein. *Skinner* v. *Stuart*, 24 How. Pr. 489 ; *Davidson* v. *Dallas*, 8 Cal. 227.

The complaint and answer in the replevin suit, fix the value of the property at $2,500, and the undertaking therein

is for that sum. The court erred in admitting evidence, and allowing the jury to fix such value at double such sum. Drake on Attach. 309, 310, 327, 342; *Farley* v. *Bryant*, 34 Mo. 489.

If evidence of the value of the property was admissible, it should be fixed at the time the property was replevied, or the execution came to the sheriff.

The suit abated, so far as C. S. Kintzing was concerned, after filing his plea and proofs in bankruptcy. Further proceedings were void as to him and his bondsmen, *pro tanto*. See Bankrupt Act, March 2, 1867.

The court erred in giving respondent's instructions, and refusing those of appellants'. The case was tried upon the wrong theory. If respondent could recover at all, the $2,500 fixed by the bond, answer and complaint in the replevin suit should be credited by $1,300, realized by respondent out of goods sold or execution, being part of the goods so replevied.

CHUMASERO & CHADWICK, for respondent.

Under the Civil Practice Act, the action must be brought in the name of the party injured by the replevin suit, and entitled to the fruits of a recovery, upon the undertaking executed in the case, regardless of the nominal obligee. Respondent is the real party in interest in this case. The bond was not given for the benefit of the sheriff. The object of the undertaking sued on was to insure the return of the property to the respondent, or the payment of its value in case of its non-return. The sheriff attaches property, as trustee, for the benefit of the plaintiff. The character of the interest is not changed, if the property is replevied. The sheriff cannot be regarded as the real party in interest. No assignment of the bond was necessary to enable respondent to sue. *Baker* v. *Bartol*, 7 Cal. 551; *Summers* v. *Farish*, 10 id. 351; *Bridge* v. *Niagara I. Co.*, 1 Hall, 247; *Arnold* v. *Lyman*, 17 Mass. 400; *Jackson* v. *Mayo*, 11 id. 147; *Wormouth* v. *Hatch*, 33 Cal. 121.

The complaint alleges that the undertaking was delivered to respondent. This was a sufficient assignment under our

act. No formality is necessary to transfer a chose in action. A debt may be assigned by parol as well as by writing. 2 Story's Eq. 311; *Hinkle* v. *Wanger*, 17 How. (U. S.) 368; *Slaughter* v. *Faust*, 4 Blackf. 380; *Briggs* v. *Dorr*, 19 Johns. 95. A bond may be assigned orally by delivery. *Ford* v. *Stuart*, 19 Johns. 342; *Dawson* v. *Cole*, 16 id. 51.

The action was properly brought on the bond, although the judgment was not in the alternative. *Whitney* v. *Rehmer*, 26 Ind. 503.

Appellants could not show title to the property in any other person than the defendant in the attachment suit. *Mitchell* v. *Ingram*, 38 Ala. 395; *Smith* v. *Lisher*, 22 Ind. 500; *Williams* v. *Vail*, 9 Mich. 162; *Gray* v. *McLean*, 17 Ill. 404.

The alleged bankruptcy of Kintzing was no defense in this action. *Flagg* v. *Tyler*, 6 Mass. 32.

No writ *de retorno* or demand was necessary before this suit was commenced. *Perreau* v. *Bevan*, 8 D. & R. 72; Saunders' Pl. 770; *Nickerson* v. *Chatterton*, 7 Cal. 573; *Livingston* v. *Hammer*, 7 Bosw. 671; *Ormsbee* v. *Davis*, 16 Conn. 578; *Peck* v. *Wilson*, 22 Ill. 206.

The value of the property must be found from the evidence. The complaint and answer in the replevin case do not show the true value. The respondent was entitled to prove and recover the actual damages sustained.

E. W. TOOLE and SHOBER & LOWRY, for appellants, in reply.

The cases cited by respondent are those where the bond is given to the sheriff for the use of the defendant. The sheriff claimed a special property in this suit, and the bond was delivered to the coroner for his benefit.

The bondsmen contract with reference to *res adjudicata*, so far as principal is concerned. In this case there has been no *res adjudicata* with reference to the value so as to bind the principal. No opportunity to try the value of special property of sheriff or Kintzing has ever been afforded Watson, and comes for first time on suit against sureties.

Knowles, J. This cause comes to this court on appeal from the third judicial district. The record presents the following facts : Lomme commenced an action to recover a debt against B. C. and Charles S. Kintzing for the sum of $4,384.89, and interest thereon. As auxiliary to this action for the purpose of securing any judgment he might obtain therein, he procured the issuance of a writ of attachment which the sheriff, W. K. Roberts, levied upon certain property as belonging to the Kintzings. Afterward, W. S. Watson brought an action of replevin against Roberts and came into possession of this property. In this action John M. Sweeney and Anton M. Holter entered into an undertaking in the sum of $5,000 to Roberts, conditioned that the said Watson should return the said property to him if a return should be adjudged, and that he would pay any sum of money as might for any cause in said action be recovered against him.

In the case of Lomme against the Kintzings, Lomme recovered a judgment for the sum of $4,954.93, and $552.50 costs. In the action of Watson against Roberts, Roberts recovered judgment against Watson. The verdict of the jury in that case was as follows : "We, the jury in the above-entitled cause, find for defendant." Upon this verdict the court adjudged that the defendant, Roberts, was entitled to a return of the property. No demand was made of Watson for a return of said property on behalf of Roberts ; nor was there any writ issued by the court for the purpose of taking possession thereof and returning it to Roberts. There was no assignment of the undertaking executed by Sweeney and Holter to Lomme. The same was delivered to him, however, by Roberts, and he brings this action in his individual name. It may be proper to remark that the bill of exceptions in this case is presented to the court in an imperfect condition, and not as prescribed by law. The record does not clearly point out the alleged errors of which the appellant complains.

As the respondents, however, make no objection to the record, we will consider the imperfections as waived.

The first question we are called upon to determine is, as to whether or not Lomme had any right to bring this action in his own name ; whether or not he is the proper party plaintiff therein.  The undertaking was made payable to Roberts.  In what capacity did he hold the goods taken from him by Watson ?  He held them as an officer, for the purpose of preserving the lien which had been created therein in favor of Lomme by virtue of the writ of attachment in his suit against the Kintzings, and also that they might be made subject to the satisfaction of any execution Lomme might procure to be issued against those parties in this action against them.  He, likewise, held them for the purpose of returning them to the Kintzings, should Lomme fail to recover judgment against them.  It will be observed from this that Roberts had but a special property in these goods.  He held them for the benefit of others.  His position was analogous to that of a receiver.  "A trustee is a person in whom some estate, interest, or power in or affecting property of any description is vested for the benefit of another."  Hill. on Trust. 65.

Lomme had, perhaps, no estate in these goods, but Roberts was exercising a power over them for his benefit, and hence was his trustee.  A trustee can maintain an action for any damage to property he may hold in trust, and the amount of damages he may recover will be commensurate with the damages done to his *cestui que trust* and to his individual interest.  At law the trustee is considered as holding all the title or interest of his *cestui que trust*.  A stranger would not be allowed to set up an outstanding equity of a *cestui que trust* for the purpose of lessening a trustee's damages to the property he holds.  The undertaking was then given to secure all damages which Roberts might sustain by a failure to return the goods to him, should the court so adjudge, whether those damages should accrue to him in his individual or representative capacity.  Lomme had a right to have these goods in Robert's hands in order that they might be taken under execution to be sold to satisfy any judgment he might obtain against the Kintz-

ings. The fact, however, that they were taken on legal process from the possession of Roberts would be a sufficient legal excuse for not being able to produce the goods. The only thing Roberts might have been liable for would have been negligence in exacting proper security from Watson, for a sheriff is only liable for negligence in such cases. Lomme was really the person, then, who was damaged by a failure of Watson to return the goods, and the undertaking was given to secure him in his rights concerning the goods. Roberts occupied the position of a trustee of an express trust in receiving the undertaking from appellants. A trustee of an express trust is defined to be, in our statute, a person with whom, or in whose name, a contract is made for the benefit of another. See Laws of 1867, 136, § 6.

The utmost extent of signification is to be attributed to this term "trustee of an express trust." 1 Whit. Pr. 63.

The case of a trustee of an express trust is an exception to the rule, that every action must be prosecuted in the name of the real party in interest.

"The fact, however, that the trustee of an express trust might bring an action in his own name does not, in most instances, preclude the beneficiary or real party in interest from likewise bringing suit in his name, and the instance of a party for whose benefit a contract was made is a case in which this may be done." See 1 Whit. Pr. 64 ; *The Camden Bank* v. *Rogers,* 4 How. 63 ; *Lane* v. *The Columbus Insurance Co.,* 2 C. R. 65 ; *Baker* v. *Bartol,* 7 Cal. 557 ; *Taaffe* v. *Rosenthal,* id. 514.

For these reasons we consider Lomme a proper party plaintiff.

The second question presented is, the liability of the defendants under the judgment entered in favor of Roberts and against Watson. It is claimed that because Roberts obtained against Watson no alternative judgment for the value of the property in case a return could not be had, that these defendants are not liable on their undertaking. That they made themselves liable on their undertaking only to make good such judgment as Roberts might lawfully obtain

against Watson ; and that the only legal judgment Roberts could obtain against Watson was for a return of the property, or its value in case a return could not be had. Now we hold that a judgment for a return of the property was not a void judgment, but at the worst an irregular one. An irregular judgment is not an illegal or unlawful one. *Johnston* v. *Comley*, 10 N. Y. 570 ; *Ingersoll* v. *Bostwick*, 22 id. 425.

An irregular judgment will support an execution and may be enforced. *Rawley* v. *Howard*, 23 Cal. 401.

It is not true, however, that the law in regard to the judgment which a party may recover, in an action of replevin, enters into and forms a part of the contract which sureties enter into in an undertaking in such an action, so as to vary the same. Sureties in such an undertaking are bound by the contract they sign. Their liability cannot be extended or made less by any such statute. The conditions of such an undertaking are prescribed by law. It is not claimed that the undertaking sued upon is not in all particulars in conformity to the statute. This is what the defendants undertook for Watson :

"For the prosecution of such action, for the return of the said property, if return thereof be adjudged, and for the payment to the said defendant of such sums as may from any cause be recovered against the said plaintiff."

This is not an alternative undertaking. The defendants did not contract in this undertaking that Watson should return the property if the same should be adjudged, or they would pay the value thereof. They contracted both that Watson should return the property if it should be so adjudged, and pay any judgment the defendant in that action might recover for any cause for money against him. If the plaintiff in that action failed to perform any one of the things the sureties had undertaken that he should, the sureties became liable on their undertaking to the extent of the damages suffered for such cause. A judgment for the return of the property was awarded, and the property not returned.

The cases of *Nickerson* v. *Chatterton*, 7 Cal. 568, and *Clary* v. *Rolland*, 24 id. 147, cited by the appellants, maintain a different opinion from that here expressed. The latter case, however, while following the former upon the doctrine of *stare decisis*, holds the following language:

"If we were called upon to construe the sections as an original question, unaffected by any prior decision upon the same point, we might be disposed to hold the complaint sufficient in this respect. Such was our impression upon the argument, but upon a careful examination of the decisions of the supreme court referred to in the argument, we find that the point has been determined the other way."

The point in that case was raised by demurrer, alleging that the complaint did not state facts sufficient to constitute a cause of action, for the reason that the complaint did not show a judgment in the alternative either for a return of the property or its value.

This language has the effect to destroy certainly the authority of the case of *Nickerson* v. *Chatterton* to a considerable extent. That court, after a mature consideration, evidently does not approve of the principle laid down in that case, and are forced to approve of it for different reasons. In direct opposition to the case of *Nickerson* v. *Chatterton*, is that of *Whitney et al.* v. *Lehmer et al.*, 26 Ind. 504. The principle upon which this case is decided is evidently that the practice in an action of replevin, as to the verdict and judgment that may be entered therein, does not affect the liability of the sureties in an undertaking in that action. That their liability is fixed by their undertaking and for a breach of it those entering into the same were liable.

The case of *Gallarati* v. *Orser*, 27 N. Y. 324, it is claimed, announces a rule in accordance with that of *Nickerson* v. *Chatterton*, and adverse to that expressed by this court.

The judgment considered in that case was for the value of the property only, and for that reason it was held that the sureties liable on an undertaking in arrest were not held. We are not prepared to say that this ruling was not correct.

The sheriff, for having discharged a defendant from arrest without sufficient bail, was held to be liable, as sureties had they been given would have been. One of the provisions of an undertaking in such a case is the same as required in an undertaking in replevin. The sureties were required by the law to undertake that the defendant would produce the property and pay the plaintiff such sum as might for any cause be adjudged against him. Under such a clause as the last, it was claimed that the sureties would be held liable when the judgment was for the value of the property only. The court, however, held otherwise. There is reason for holding that the provisions of the statute, in relation to the judgment for money that should be entered in replevin, may be considered as explaining this clause of an undertaking, and that sureties undertake only to pay such judgment as should be properly adjudged, and that a proper judgment was an alternative one for the value in case a return could not be had. In such a case it might be claimed that the judgment, not being in the alternative, did vary the contract of the sureties. This view of this question, however, is not free from doubt. In that case one of the judges dissented from the opinion of the court, and held that the judgment was only an irregular one, and that sureties were held on an irregular judgment the same as their principal. And in direct conflict with that opinion is the case of *Mason* v. *Richards et al.*, 12 Iowa, 73. The court in that case held that the judgment for the value of the property only was irregular, and erroneous but not void. That such a judgment could be enforced against the principal, and that the sureties were not released, but liable.

The defendants in this action, however, insist that our statutes upon the subject of the recovery of personal property were borrowed from California, and that we are bound by the construction put upon them by the courts of that State. The statutes in question substantially existed in a great many States of this Union besides California at the time our legislative assembly adopted it. California borrowed it from New York. The correct appellation for our

practice is the New York Code practice, and not the California Code practice, and as the New York courts had not fully determined this precise point when our legislative assembly adopted its Code, we should consider ourselves free to determine this question upon principle, and not upon authority. The defense of the bankruptcy of C. S. Kintzing, set up by defendants in this action, we think wholly untenable. That defense was set up by Kintzing in the action of *Lomme* v. *B. C. and C. S. Kintzing.* The plaintiff alleges in his complaint in this action that he recovered judgment against the Kintzings for $4,954.93 in that action, and this averment is not denied by the answer of defendants.

If that judgment was erroneous it cannot be attacked in this action. It is not a void judgment, and hence cannot be reviewed in a collateral action. In relation to the right to the possession of the property, that was considered and decided in the action between Watson and Roberts. If C. S. Kintzing had become a bankrupt, his assignee in bankruptcy might be entitled to the possession of the property, but that is no reason why Watson should be entitled to take the property from Roberts and hold the same. He claimed the right to the possession through the Kintzings himself, and not under C. S. Kintzing's assignee. We hold that the sureties on the replevin undertaking had no right to introduce evidence in this action of the interest of the Kintzings in the property replevied. The answer denies that the Kintzings had any interest in property that was the subject of the attachment, but there is no regular allegation of ownership in any one else. There is no plea of this kind set up by way of defense such as would be required in order to entitle the defendant to prove the same.

Again, where the question of who is the actual owner of property is in dispute, we do not think that the defendants in an action on an undertaking in replevin can set up title in a stranger, and in that action compel the plaintiff to litigate his title to the property, upon which there had been a determination between the plaintiff and the principal, for whom the sureties became liable.

As appears from the record in the action of replevin, Watson claimed to be the owner of the property in dispute, and alleged that he derived title by purchase from the Kintzings. It does not appear in this case from the exceptions taken who the defendants claimed was the owner of the property. If it was the assignee of C. S. Kintzing in bankruptcy, then the court could have very properly have held that partnership property must first go to the liquidation of partnership debts, and that until these were litigated the property could not pass to his assignee.

It was not necessary for the plaintiff to have a writ *retorno habendo* issued and returned unsatisfied before he could bring this action. The sureties undertook that Watson should return the property if a return thereof should be adjudged. A return was adjudged and Watson failed to return the property. This was a breach of the undertaking. The case of *Nickerson* v. *Chatterton* decides that no writ *retorno habendo* was necessary in order to fix liability of the sureties, and that case may be considered as very favorable to sureties.

It is claimed by appellants that if plaintiff is entitled to recover he is only entitled to recover damages to the amount of the value of the property as specified in the complaint of Watson in his action of replevin. In a complaint in an action of replevin the plaintiff states the facts which entitle him to a judgment. If he wishes a judgment for the value of the property in case the possession of the same is not delivered to him, he must allege its value. This is the basis of his right to recover such a judgment, but to hold that because the defendant, in an action of replevin, does not, in his answer, not only confess the value of the property which the plaintiff has fixed upon it, but allege that it is of much greater value, that he is bound by this allegation of the plaintiff, and cannot prove the actual value of the property taken in an action on the undertaking, would be imposing upon him great hardship surely. It is doubtful if the defendant in an action of replevin could base his right to a judgment for the value of the property, without alleging

the value of the same in the answer. The answer of a defendant in an action of replevin claiming a return of property, or in case that cannot be had, a judgment in the alternative for its value, is in the nature of a cross complaint, and must state facts sufficient to warrant the court in giving the relief demanded. See 8 Cal.

In no case can the allegations of the complaint be a basis to warrant the affirmative relief prayed for by the defendant. Of course, where the allegations of the complaint have been denied by the answer, and the plaintiff fails to make out his case, the judgment of the court would be for a return of the property.

There are cases to the effect, that where the court awards a judgment of nonsuit the defendant is not entitled to an alternative judgment for the value of the property. If the rule, however, contended for was the correct one, why the value of the property alleged in the complaint would not be a basis for an alternative judgment, we are unable to perceive where a nonsuit was adjudged. It was not necessary that the plaintiff should have made any demand for a return of the property. The only object of making a demand is to notify the party in possession of the property of the rights and claim of the person entitled to the property. Of this the principal and his sureties had ample notice in the action of replevin. The plaintiff in that action set up his rights, and claimed a return of the property, and judgment of return was awarded him, and that certainly was sufficient notice.

For these reasons the judgment of the court is affirmed.

*Judgment affirmed.*