PARROTT, appellant, *v.* SCOTT ET AL., respondents.

. REPLEVIN — *Bond* — *Action on* — *Necessary allegations.*—Where the property of a judgment debtor, levied upon to satisfy the judgment, is replevied from the sheriff by third parties, who fail to prosecute the replevin action, in an action by the judgment creditor on the undertaking in replevin his right to recover rests upon his right to have the replevied property applied to the payment of the judgment in the original action; and, when his complaint alleges that an execution had issued on the judgment, but does not allege that the judgment has not been satisfied, it is fatally defective.

SAME — *Breach* — *Dismissal of replevin.*—Where one of the conditions of the undertaking in replevin for goods levied upon under an execution is for the prosecution of the action, a dismissal of the action by the plaintiff is a breach of the condition, and entitles the judgment creditor to sue upon the bond for such damages as he may be entitled to.

SAME — *Consent of sheriff to dismissal.*— It is not necessary to allege that the sheriff, defendant in replevin, did not consent to the dismissal of the action, and waive all right or claim to the return of the property and damages. Such allegation should appear as defense.

SAME — *Delivery of bond.*— The complaint is defective when it fails to allege that the undertaking was delivered.

SAME — *Assignment of bond to plaintiff.*— It is not necessary that the complaint should allege the assignment of the undertaking, by the officer in whose favor it is made, to the plaintiff.

SAME — *Failure by judgment creditor to give sheriff indemnifying bond* — *Revised Statutes Montana, section 309.*— The failure of a judgment creditor to execute to the sheriff, who is about to levy an execu-

tion on the judgment, the indemnifying bond provided for by Code Civil Procedure Montana, section 309, does not prevent him from suing on the bond given by claimants and their sureties who replevied the property levied upon by the sheriff.

SAME — *Form of bond — Code Civil Procedure Montana, section 157.* — Under Civil Code Montana, section 157, requiring an undertaking in replevin to be conditioned "for the prosecution of the action without delay and with effect," an undertaking is sufficient which provides "for the prosecution of the action," omitting the words "without delay and with effect."

*Appeal from Second District, Silver Bow County.*

ACTION on replevin bond.   On demurrer.

ROBINSON & STAPLETON, for the appellant.

H. R. WHITEHILL, for the respondents. ·

BACH, J.   This is an appeal from the judgment roll alone. The demurrer to the complaint was sustained by the court below, and judgment was rendered against the plaintiff, from which judgment this appeal is taken.

The facts set out in the complaint are as follows:   James B. McMaster, the sheriff of Deer Lodge county, by virtue of an execution issued out of the probate court of said county, in an action in which George Parrott, the above-named appellant, was the plaintiff, and one Alexander Glover was the defendant, levied on certain personal property as the property of said Glover.   William R. James and Mary Glover claimed this property as their own, and commenced an action in the district court of said county, against the said James B. McMaster, to recover the same. Their action was an action of claim and delivery under the statute, and in accordance therewith they made, executed and filed with Thomas Strang, the coroner of said county, the affidavit required by law; and using now the exact wording of the complaint, "executed to said coroner an undertaking in double the value of said property, said twenty-two head of cattle, with said defendants, said Scott and

Zenor, as sureties, whereby they bound themselves," etc. Then follows the condition of the undertaking, which, using the words in the undertaking, is as follows: "That we are jointly and severally bound in the sum of $1,600, being double the value of said property, as stated in the affidavit, for the prosecution of the said action; for the return of the said property to the said defendant, if return thereof be adjudged; and for the payment to the said defendant of such sum as may, from any cause, be recovered against the said plaintiff." This undertaking was signed by H. H. Zenor and S. Scott; was dated "this 27th day of February, 1884;" and it is the undertaking sued upon in this action; and the judgment prayed for is the amount of the judgment upon which the execution was issued out of the probate court of Deer Lodge county, as already stated.

In the second action, that in which the undertaking sued on was given, the defendant McMaster filed an answer, in which he denied that the plaintiffs in that action, William R. James and Mary Glover, were the owners of the property, and claimed a redelivery of the same. After the answer was filed, the plaintiffs dismissed the action.

The demurrer to the complaint, which we are about to consider, was upon the ground that the said complaint did not state facts sufficient to constitute a cause of action. There are several alleged defects, all of which are directly raised by the demurrer, and are relied upon, and each of which will therefore be passed upon.

1. That the foundation of this action is the judgment rendered in the probate court; that it appears from the complaint that execution was issued upon that judgment; but it does not appear that the defendant in the action in said probate court had not paid the judgment. The complaint shows no damages by reason of the non-prosecution of the action. It fails to show any judgment against the plaintiffs in the replevin action which these defendants were bound to pay. The only breach complained of is the failure to return the property mentioned in the undertak-

ing. The right of the plaintiff to maintain this action is based upon the theory that he is subrogated to the rights of Strang in the undertaking, in order that the property mentioned in that undertaking should be applied to the payment of the judgment rendered in the probate court against Alexander Glover. If that judgment was paid, plaintiff suffered no damages, and he could not maintain this action. Its non-payment is one of the material facts that entitled him to maintain this case, and should have been alleged. The complaint in this respect is fatally defective. See *Winsor* v. *Orcutt*, 11 Paige, 578.

2. It is claimed that the complaint is defective because it does not show that McMaster, the defendant in the replevin action, did not consent to its dismissal, and waive all right or claim to the return of the property and damages. The defendant McMaster, in the replevin action, claimed a return of the property. The order dismissing the replevin action leaves the parties in this action to try and determine whether or not McMaster was entitled to the return of the property. One of the conditions of the undertaking sued upon was for the prosecution of the replevin action. The order of dismissal was a breach of the condition, and entitled the plaintiff to bring his action for such damages as he was entitled to. See *Mills* v. *Gleason*, 21 Cal. 274.

Subdivision 1, section 234, Code Civil Procedure, provides, in substance, that when the plaintiff dismisses the action, in which a provisional remedy has been allowed, the undertaking shall be delivered to the defendant who may have his action thereon. It is not necessary for the plaintiff to deny in the complaint that McMaster waived all right or claim to a return of the property and damages. Such an allegation should appear as a defense. In that respect it is sufficient to allege the conditions of the undertaking and the breach complained of. We think the complaint was not defective in that respect.

3. It is claimed that the plaintiff is not entitled to any interest in the replevin bond because he did not furnish

McMaster, the sheriff, the indemnifying bond mentioned in section 309 of the Code of Civil Procedure. That section defines and provides for an undertaking which is for the benefit of the sheriff. The furnishing such an undertaking to the sheriff may be a prerequisite to an action against him, but it is not to an action against the defendants.

4. It is claimed that the complaint does not state a cause of action in the plaintiff, because there is no allegation of an assignment of the undertaking either to McMaster or to the plaintiff. That point has already been decided otherwise by this court in *Lomme* v. *Sweeney,* 1 Mont. 584, affirmed in 22 Wall. 208.

5. It is further claimed that the undertaking sued upon is not a statutory undertaking; that if good at all, it is good only as a common law obligation; and that the case of *Lomme* v. *Sweeney* is not an authority in point; and that the undertaking being good only as a common law obligation, an allegation of assignment was necessary. The statute (section 157 of the Civil Code) contains the condition referred to in these words: " For the prosecution of the action without delay and with effect." The undertaking provides " for the prosecution of the action," omitting the words " without delay and with effect." The undertaking contains a condition which is more favorable to the defendants. It in no way enlarges the liability of the defendants as fixed by the statute. It contains nothing that the statute does not require, and is therefore to be governed by the same rules as any statutory undertaking, and the case of *Lomme* v. *Sweeney* controls. See Murfree, Off. Bonds, § 191, and cases cited.

6. It is claimed that the complaint is defective because it does not contain any allegation that the undertaking was ever delivered. The complaint alleges merely that the plaintiffs in the replevin action " executed to said coroner an undertaking," but it does not allege a delivery thereof. The appellant claims that inasmuch as the law requires all such undertakings to be filed, such filing is a sufficient delivery.

Undoubtedly that is the rule where it appears from the complaint that such filing was had. See *Holmes* v. *Ohm*, 23 Cal. 268. In that case the undertaking sued on was copied in full in the complaint with the indorsement thereon showing that the undertaking was properly filed. In the case we are considering a copy of the undertaking is attached as an exhibit to the complaint and made a part thereof; but it does not appear in the complaint or upon a copy of the undertaking that the latter was ever filed. We cannot presume that the indorsement of filing was on the original. There being no allegation of a delivery of the undertaking to any person whatsoever, the complaint in this respect, also, is defective. See *Garcia* v. *Satrustegui*, 4 Cal. 244.

The judgment of the court below is affirmed, with costs.

WADE, C. J., and McLEARY, J., concur.