ANDERSON, appellant, *v.* O'LAUGHLIN, respondent.

PRACTICE — *statement — exceptions — new trial.* An order of the district court denying a motion for a new trial will be sustained, if there is no statement specifying errors, or bill of exceptions.

REPLEVIN — *return of property after verdict.* A judgment for costs and the return of the property follow a general verdict for defendant in a replevin suit.

PRACTICE — *motions under advisement.* It is not error for the district court to take motions under advisement from one term to another.

*Appeal from the Second District, Deer Lodge County.*

ANDERSON brought this suit in May, 1867, in the justices' court of Deer Lodge county, NEWCOMER, J., to recover the possession of a horse of the value of $80. The cause was appealed and tried in the district court in July, 1867. The jury returned the following verdict:

"We, the jury in the above cause, find for the defendant."

Anderson filed a motion for a new trial because the verdict was illegal in not specifying the property and giving its value, and finding that it should be returned. The defendant filed a motion for the entry of judgment on the verdict. The court, WILLISTON, J., took both motions under advisement. At the following October term, the motion for a new trial was denied, and judgment was entered upon the verdict for the defendant. The other facts are given in the opinion.

VOL. I. — 11.

BROWN & McMURTRY and WORD & SPRATT, for appellant

The answer raises two issues; first, the unlawful detention of the property; second, the title of respondent to the property. The general verdict does not show on which of these issues the jury based their finding. This verdict will not authorize a presumption of law that the property was in the respondent and that he was entitled to its return. Under the answer, respondent might have had a verdict as to the unlawful detention, and the court had no right to suppose it was for any thing else. The verdict was erroneous in not finding that the respondent was entitled to a return of the property. The statute is imperative and requires the jury, not the judge, to find this fact. Acts 1865, 73, § 150. The verdict was erroneous in not finding the value of the property. "The jury * * * *shall* find the value," is the language of the statute. Acts 1865, 73, § 150. The court did not find the value when judgment was entered.

The court below had no right to submit all the issues to the jury, and then permit them to find one-half, and find the other half himself. The appellant had a right to have every issue raised by the pleadings tried by a jury. The statute points out the only three ways by which the court can try or find an issue of fact, and in this case the court usurped the powers of the jury. Acts 1865, 73, §§ 152 and 153.

The case was tried in July, 1867, and judgment was rendered at the October term, 1867. The statute then required the judgment to be entered within twenty-four hours after the rendition of the verdict, unless the court order the case to be reserved for argument. The court made no such order. Acts 1865, 77, § 173. This statute is imperative, and the judgment is null and void.

L. J. SHARP, for respondent.

The main issue in the pleadings is the title to the horse. A general verdict for defendant is a finding on the chief issues. *People* v. *March*, 6 Cal. 547; *Kidd* v. *Laird*, 15 id. 182.

In an action of replevin, a general verdict for defendant entitles him to a judgment for the return of the property. *Waldman* v. *Broder*, 10 Cal. 379 ; *Nickerson* v. *California S. Co.*, id. 521 ; *Hunt* v. *Robinson*, 11 id. 277 ; *Treat* v. *Lafarge*, 15 id. 41.

If there was any error in the verdict or judgment, appellant cannot complain of it.   A judgment will not be reversed for an error which does not prejudice the rights of the parties. *Kilburn* v. *Ritchie*, 2 Cal. 148 ; *People* v. *Moore*, 8 id. 94 ; *Kidd* v. *Laird*, 15 id. 182.

The words "may" and "shall" in the statute referred to by appellant are convertible terms.   *Cook* v. *Spears*, 2 Cal. 412 ; Acts 1865, 73, § 150, and 78, § 176.

WARREN, C. J.   This was an action of replevin, tried, on appeal from a justices' court, in the district court of the second judicial district, in the county of Deer Lodge.   No complaint or statement of the cause of action was filed, but no objection is raised to that omission.   The respondent filed his answer to the allegations contained in the affidavit of appellant, for delivery of the property claimed.

The answer denies the ownership and right of possession alleged by appellant, and sets up title and right of possession in respondent, and claims damages for the taking and detention of the property, the value of which is not denied.

The property had been taken under this proceeding from the possession of respondent and delivered to appellant, and the answer claims return thereof. .Upon trial. of the issues the jury found a general verdict for the defendant, respondent in this cause.

Appellant entered a motion for a new trial, and respondent moved for an order for return of the property replevined, and for judgment for his costs.   Both motions were taken under advisement by the court, and, at the following term, an order was made overruling the motion for a new trial, and judgment was rendered on the verdict against appellant for costs and for return of the property, from which this appeal is taken.

So far as the order overruling the motion for a new trial is concerned, it is only necessary to say that no statement specifying errors, or bill of exceptions, was filed in the court below, and consequently the order must be sustained.

We see no error on the face of the record before us of which appellant has a right to complain. He is not injured by the form of the verdict. The respondent might complain that the jury failed to find, in their verdict, the value of the property; that he was entitled to a return thereof, and to assess his damages, but the appellant cannot. Upon a general verdict for defendant upon these issues under our statute, as well as at common law, an order of return and judgment for costs followed, as a matter of course.

The court did not err in taking the motions under advisement.

The judgment and order of the court below is affirmed, with costs.

*Exceptions overruled.*

KNOWLES, J., concurred.