H. KAYSER, *et al.*, v. SEBASTIAN BAUER.

H. KAYSER, *et al.*, v. SIMON A. STERN, *et al.*

*Error from Leavenworth County.*

1. JUDGMENT ON GARNISHMENT REVERSIBLE.—Under sections five, six and seven of an act approved February 26th, 1867, [*Laws of* 1867, *p.* 78,] a judgment of a justice of the peace, in a proceeding in garnishment, is such a final judgment as may be appealed from to the district court, and if appealed from, the judgment of the district court in such a case is subject to review, on petition in error, in this court.

2. TITLE: REPLEVIN: LEVY.—In an action of replevin, under the code of civil procedure of 1859, when the plaintiff gave bond and took possession of the property replevied, neither the suing out of the writ nor the giving of the bond changed the title of the property; and if the defendant was an officer, holding the property by virtue of a levy, under an order of attachment or an execution, his lien on the property was not destroyed, but only suspended until final judgment in the replevin case, and then if the judgment was in his favor, and for a return of the property, he might retake it whenever he chose to do so.

3. LIENS ON REPLEVIED PROPERTY.—A person who became the surety on the replevin bond for the defendant, and took the property into his possession to indemnify himself, was not an innocent or *bona fide* purchaser, and obtained no better right to the property than the plaintiff had.

4. RIGHTS OF PARTIES.—The plaintiff in replevin, under said code, was bound only to prosecute the action to final judgment, pay the costs and return the property, if such was the judgment of the court, and such judgment is the final adjudication between the parties, neither party could resort to any other proceeding afterwards, but must look to that judgment alone for his rights and his remedies; hence, if the defendant in replevin obtained no judgment for a return of the property, the title to the same at once vested absolutely in the plaintiff.

The facts of the case stated with sufficient fullness in the subjoined opinion, may be abstracted as follows:

K. & Co., plaintiffs in error, and others, creditors of S., a defendant in error, obtained several judgments against him, and issued attachments and executions thereunder, and levied upon property in possession of H., who held by purchase from S., admitted in the record to have been fraudulent as to the creditors of S. H. replevied

the property from the officers, and delivered it to B., a defendant in error, his surety on the replevin bond to indemnify him. B. sold the property for money. The replevin cases were decided against H. and in favor of the officers, but no judgments for a return of the property were entered, although judgments for the value in two cases, and for costs in the other, (the case involving the property levied on by K. & Co.,) seem to have been entered.

Next, K. & Co. garnished B., who answered before a justice : that at the time of the garnishment he had sufficient of the proceeds of the sale of the goods to satisfy K. & Co.'s claim; but that subsequently, and before answering, he had paid it all over to the other creditors or S. on their judgments. B. was discharged by the justice, the proceeding appealed to the district court where B. was again discharged. To review the order discharging the garnishee, is the object of the proceeding here.

*Sawyer & Herman,* and *Byron Sherry,* for plaintiffs in error.

*J. A. Beal,* for defendant in error.

*For plaintiffs in error,* it was submitted :

1.   The sale of the goods from Stern to Hollenbeck having been fraudulent, was as to the creditors of Stern void, no title passed to Hollenbeck as against such creditors by reason of such sale, and he had no right to make any contract in reference thereto which could in any way interfere with the rights of the creditors of Stern to have these goods applied to the satisfaction of their judgments against Stern.

2.   The suing out of a writ of a replevin does not

have the effect to transfer the title from the defendant to the plaintiff in replevin. The effect of the writ of replevin is simply to transfer the possession to the plaintiff, and to suspend during the proceedings the defendant's right to reclaim the possession by another writ of replevin. The moment it is ascertained by the final judgment in the replevin proceeding that the defendant is entitled to the possession of the property he may replevy it from the plaintiff or from a third person into whose possession it has passed unless he was a *bona fide* purchaser. His right to replevy is suspended during the litigation, nothing more. *Lockwood v. Perry*, 9 *Metc.*, 144; *Buckle v. Luce*, 6 *Hill*, 560; *Same case*, 1 *Comst.*, 165; *Badlam v. Thatcher*, 1 *Pick.*, 287; *Parker v. Simonds*, 8 *Metc.*, 298; *Smith v. McGregor*, 10 *Ohio S.*, 461.

3. The giving of a replevin bond does not change the title to the property. The title remains where it is before the bond was given. The bond is an additional security against wrong, but has not and can not have any effect on the title to the property. The bond is not substituted for the goods. 8 *Metc.*, 298; 9 *id.*, 444; 1 *Pick.*, 287; 6 *Hill*, 560; 1 *Comst.*, 165; *Drake on Attach.*, § 331, *Note* 2 *and cases cited;* 10 *Pet.*, 400 [*Hagen v. Lucas;*] *Stat. of Mass.; N. Y.; O.; Seney's Code; Rev. Stat. of Kansas, Code,* §§ 189, 193, 194.

4. The suing out of a writ of replevin against an officer who holds the goods replevied by virtue of a levy under an order of attachment or execution does not destroy the lien acquired by virtue of such levy. As soon as it is ascertained by the final judgment in the replevin proceedings that the officer is entitled to the possession of the goods by virtue of the levy, he may retake the goods from the plaintiff or from a third person other than

a *bona. fide* purchaser. 1 *Comst.*, 171; *Drake on Attach.*, § 224, *and cases there referred to.*

The garnishee in this case stands in no better position than Hollenbeck. His answer shows that he had knowledge that the title to the goods replevied was in dispute, and his agreement with Hollenbeck shows that he endeavored to protect himself by having the goods placed in his possession and under his control. But no arrangement between Hollenbeck and Bauer in reference thereto could have any force or validity against the rights of the creditors secured by the lien under the attachments and executions. Had the goods remained in his hands when the suits in replevin were determined they could have been retaken from him, and being in possession of the proceeds, resulting from the sale of the goods, he is liable to the creditors of Stern for the amount so received. 17 *Ohio*, 154; 3 *Mass.*, 564; 16 *id.*, 275; 3 *Conn.*, 171, [*Thompson v. Sturtevant;*] 14 *Ohio S.*, 457, [*Carly v. Fenstemaker;*] 10 *id.*, 230, [*Swift & Nichols v. Bailey, et al.;*] *Drake on Attach.*, § 458, *note* 1; 11 *Pick.*, 527, [*Lamb v Stone;*] *United States v. Taylor*, 8 *Binney*, 394; *Lloyd v. Brewster*, 4 *Paige*, 537.

6. The process of garnishment is the proper mode to reach the proceeds of the goods sold. 3 *Binney*, 394; *Statutes of* 1862; *Justices Act* § 38; *Civil Code*, § 223; 12 *Ohio*, 358.

7. A garnishee will be charged when to except him from liability would tend to an evasion of the force and effect of the law and open the door for fraud. *Drake on Attach.*, 352, § 491; *Jackson v. U. S. Bank*, 10 *Penn.*, 61.

8. Garnishment is an effectual attachment of the effects of the defendant in the garnishee's hands, such as gives the right to hold the garnishee personally. *Drake*

*on Attach.*, 352, § 455, 350, § 452, 388, § 552; 2 *Foster*, 196; 10 *Grattan*, 284; 6 *Cal.*, 195; 6 *Pick.*, 120.

9. Hollenbeck having obtained the goods of Stern by fraud, Stern's creditors may follow and reclaim them, or their proceeds, in whatever shape they may be found as against Hollenbeck or any one but an innocent purchaser for value. *Story Eq. Jur.*, §§ 1255, 1258, 1265; *Carey v. Cin. & Chic. R. R. Co.*, 5 *Iowa*, 368; *Phelan v. Clark*, 19 *Conn.*, 421; *Rogers v. Brant*, 5 *Gilm.*, 582; *Cunans v. Hart, Hardin*, 37; *Wallace v. Duffield*, 2 *S. and R.*, 521; *Le Breton v. Pierce*, 2 *Allen, Mass.*, 8; *Lloyd v. Brewster*, 4 *Paige Ch.*, 537; *Root v. French*, 13 *Wend.*, 570; *Bank of America v. Pollock*, 4 *Ed. Ch.*, 215; *Thompson v. Perkins*, 3 *Mason*, 232; *Moffit v. McDonald*, 11 *Humph.*, 457; *Heath v. West*, 6 *Foster*, 491; *Carroll v. Rice, Walker Ch.*, 215; *Cherry v. Newsome*, 3 *Gage*, 369; *Hilliard Sales*, 269; 2 *Par. Contra*, 277, *Notes Q. and R.*; *Barbour v. Lyon*, 15 *Iowa*, 37.

*Beal, for defendants in Error*, submitted.

1. Final orders of a justice can only be appealed from. [*Comp. Laws* 634, § 103.] The statute provides another remedy when the answer of the garnishee is unsatisfactory. *Id.* 626, § 42.

2. When the replevin bond was executed it was substituted for the goods replevied and the title to the property vested in Hollenbeck. [17 *Ohio R.*; 2 *Comst.*, 165; 8 *Bac. Abr.*, 547; *see also Rodges v. Moore*, 1 *Rice*, 60; *Robertson v. Montgomery*, 1 *id.*, 87; *Floyd v. Brown*, *id.*, 121; *March v. Pier*, 4 *Rawl*, 273; *Howell v. Jones*, 1 *H. & Munf.*, 429.

3. Hence the creditors of Stern cannot reach the property or the proceeds. The sale, though fraudulent

as to the creditors of Stern, was good as between the parties and could not be reached by garnishment. To reach the property thus, it must have been the property of Stern. *Comp. Laws,* 622, §§ 36, 37, 38 and 39.

4.   The remedy by garnishment is a statutory remedy and when the statute fails to give the remedy the one who resorts to it must fail.   It is not a question as to the effect of a writ of replevin, nor of a replevin bond, nor whether the officer can retake the property.   Stern, himself, could not have recovered these goods from Hollenbeck, or his assigns, and the creditors of Stern have no greater rights.   The goods were not Stern's.   Bauer had no goods in his hands belonging to Stern, nor did he owe him anything.

5.   Again, the plaintiff must fail upon his own showing.   Admitting that the goods could be reached in the hands of a third person with notice of all the facts; yet Bauer would not have been liable, because he acted in good faith and had no knowledge that the property was Stern's, and had, long before the writ was served on him, disposed of the property.

*By the Court,* VALENTINE, J.

The facts in the case are substantially as follows : The plaintiffs and sundry other persons, creditors of said Stern, obtained several judgments against him.   Attachments and executions were issued in said cases, and levied by John McKee, sheriff, and James Franks and Livius Hazen, constables, upon certain property, which was then in the possession of Aaron Hollenbeck, and claimed by him as his property, but which property, had formerly belonged to Stern, and had been purchased by

Hollenbeck from Stern, with the intent to defraud Stern's creditors.

After the officers had levied the attachments and executions upon said property, Hollenbeck replevied it from them, and said Bauer went on the replevin bond as surety for Hollenbeck. Bauer took the property into his possession to indemnify himself as surety for Hollenbeck, and with the consent of Hollenbeck converted the property or a part thereof into money.

The replevin cases were decided against Hollenbeck, and in favor of the officers. There was no judgment rendered in any one of the cases for a return of the property to the officers, but in two of the cases, as we should judge from the record; although the record is not very clear upon this point, judgments were rendered in favor of the officers for the value of the property replevied, and in one case a judgment was rendered for the costs of the suit only. And as all the property that had been levied on to secure the claim of Kayser & Co., against Stern, had been replevied in this latter case, the judgment in this latter case for costs only, left Kayser & Co. without any security for their claim.

After the judgment in the replevin cases were rendered Kayser & Co. garnished Bauer, requiring him to answer before R. R. Rees, a justice of the peace. Bauer appeared and answered. At the time Bauer was garnished, he had a sufficient amount of money of the proceeds of the sale of the goods, which he had received of Hollenbeck, to pay all of Kayser & Co's. claim against Stern; but afterwards Bauer paid out all said money on the other judgments rendered against Stern in the replevin suits in which he was surety for Hollenbeck.

After the justice heard Bauer's answer he discharged

him, and Kayser & Co., appealed to the district court, where the matter was again heard, and Bauer again discharged.

The questions arising in this case for us to consider are : First, Was the decision of the justice of the peace final, or had Kayser & Co. a right to appeal ? Second, Was the decision of the district court final, or can Kayser & Co. bring the proceeding into this court for review? and Third, If they have got their case properly into this court, is Bauer liable as garnishee or, in other words, did he, at the time he was garnished, have any money or property in his hands belonging to Stern and subject to garnishment? And involved in this last question are several others, which we will notice when we reach them.

*First.* Under sections 5, 6 and 7, of "An act

JUDGMENT against a Garnishee appealable and reviewable. supplemental to an act entitled an act regulating the jurisdiction and procedure before justices of the peace, and the duties of constables in civil cases," approved February 26th, 1867, [*Laws of 1867, page 78,*] a judgment of a justice of the peace in a proceeding in garnishment is such a final judgment as may be appealed from to the district court; and *Secondly*, If appealed from, the judgment of the district court in such a case, being also a final judgment, is subject to review on petition in error, in this court.

*Thirdly.* The property over which all the con-

FRAUDULENT Sale: Title. troversy has been had, and which consisted of goods and merchandise, belonged originally to Stern. Stern sold it by a fraudulent sale to Hollenbeck, which, as between Stern and Hollenbeck, transferred the property to Hollenbeck; but as between Stern and Hollenbeck on the one side, and Stern's creditors on the other, said sale did not produce any change in the title to the

property, but the property still remained Stern's, and subject to all the attachments and executions levied upon it by the officers, at the instance of Stern's creditors.

*Title under a Levy.* When the officers levied upon the property they obtained a special if not the general property in the goods, and it makes no difference so far as this case is concerned which they obtained; for their interest in the goods, whatever it may be, was as long as the levy subsisted in full force, paramount to that of Stern, or Hollenbeck, or any one else; and Stern and Hollenbeck were divested of every interest that could again be attached or held by garnishment. They were divested of every interest except a possible, contingent, and residuary interest that would revert to them, if the levy should be vacated, or if it did not take all the property to pay the claims; and none of the subsequent proceedings had the effect to reinvest Stern with such a title to the property as would allow these or other creditors to attach the property by a proceeding in garnishment.

It is claimed by counsel for Kayser & Co. that when Hollenbeck replevied the property, neither the suing out of the writs nor the giving of the bond, changed the title to the property, that the officer's liens on the property were not destroyed, but only suspended during the litigation, and that, as Bauer took the property into his possession simply to indemnify himself as surety on the replevin bonds, he was not an innocent or *bona fide* purchaser, and obtained no better title to the property than Hollenbeck had.

Now, under our statutes [*Code of Civil Procedure,* 1859] we suppose this is all good law. [*See authorities cited in counsel's briefs.*] The title to the property during the litigation remained the same as it was before, in

every respect, except that Hollenbeck, and those holding under him, obtained the right of possession, with such a special right of property, that they could have maintained replevin for the property against any one who should disturb their possession.

But this does not help Kayser & Co., for if the title to the goods remained the same as before, Stern was certainly not reinvested with such an interest in the goods that they could be taken in garnishment.

JUDGMENT IN Replevin.    If the officers had obtained a judgment in the replevin suits for a return of the property to them, then they could have retaken it, and held it under their original levy. Their right to it would then have been paramount to all others. But neither Stern nor Stern's creditors could have retaken it; Stern would still have had only his contingent and residuary interest in the property.

But the officers obtained no judgment for a return of the property to them. Hence we think that the right of possession of Hollenbeck, and of those holding under him, continued, and their special and contingent right of property ripened at once into a general and absolute right of property.

The plaintiff in replevin under our code [*Code of 1859*] is bound only to prosecute his action to final judgment, and pay all costs and damages which may be awarded against him, and return the property to the defendant, if such be the judgment of the court. The defendant has a right, when the verdict is in his favor, to take a judgment for a return of the property to him, or for the value thereof in case a return cannot be had, and he is bound, at his peril, to see that the judgment is rendered as he desires it. He waives all right to a return

of the property, or to the value thereof, if he does not take the judgment for the same, and such judgment is the final adjudication between the parties as to the title to the property; neither party can resort to any other proceeding, but must look to that judgment alone for the adjudication of his rights. If the plaintiff prosecutes his action to final judgment, and then satisfies that judgment, he has done all that he is required to do, and the property must forever remain, as between the parties and their privies, just where that judgment leaves it, and the courts cannot be further invoked. The defendant has had his day in court; he has had one fair trial, and he cannot have another except in the regular way. If he has failed to obtain a judgment for a return of the property, it was his own fault.

After the determination of the replevin suits, whether Stern still had any possible interest in the property, contingent, residuary, or any other kind of interest, it is not necessary for us to consider, for he certainly had no interest in it that was subject to garnishment.

The officers by their levy obtained the paramount right to the property; their right passed to Hollenbeck by the determination of the replevin suits, and Bauer held under Hollenbeck.

The judgment of the court below is affirmed.

All the justices concurring. .