JOSIE A. MANNING, *et al.*, v. E. S. MANNING.

REPLEVIN; *Rights of Defendant.* While the defendant in a replevin action has a right, notwithstanding dismissal by the plaintiff, to an inquiry and adjudication in that action of his claims to and interest in the property replevied, and in case he avails himself of this right can collect no more from the sureties on plaintiff's bond than is awarded by such adjudication, yet this is not his only remedy, for after a voluntary dismissal by the plaintiff he may commence an independent action on the bond, and recover therein all his damages sustained by the taking of the property, including therein, if the title be in him, the value of such property.

*Error from Lyon District Court.*

SEPTEMBER 9, 1879, *Josie A. Manning, N. E. Weaver* and *H. B. Lowe* became sureties in an undertaking executed by George W. Brown, to obtain an order of delivery in an action brought by him against *Mrs. E. S. Manning* and two others, to recover the possession of certain cattle. Thereupon such order was issued, the cattle taken thereunder, and delivered to Brown. At the September Term, 1880, of the district court, Brown dismissed the above action. Thereupon *Mrs. E. S. Manning* brought an action against the sureties in the under-

taking given as aforesaid. At the March Term, 1881, of the district court, the defendants' demurrer to the plaintiff's petition was overruled. Of this ruling they complain, and bring it to this court for review.

*Sterry & Sedgwick, J. J. Buck,* and *L. B. Kellogg,* for plaintiffs in error:

In signing this undertaking, the only agreement made by the plaintiffs in error to pay the value of the property replevied was upon the condition that the court in that case should adjudge that the plaintiff in that action should return to the defendants the property replevied, or pay them the value thereof; and as there is no pretense that the condition upon which this promise was made ever occurred, it seems to us beyond question, that they are not liable to pay for the value of the property replevied. The only argument that can be made against this position is in substance, that the plaintiff in replevin ought not to be permitted to obtain possession of the property in the hands of the defendant by reason of giving such an undertaking, and then be allowed to dismiss his action, leaving the defendant to look to him personally for the property he has thus obtained. The conclusive answer to this, it seems to us, is in the fact that the legislature in prescribing this form of an undertaking has expressly provided for a full protection to the defendant in an action of replevin, when the plaintiff dismisses such action before trial. (Code, § 184.) Under the provisions of § 184, if the plaintiff in replevin dismisses his action, the defendant, if he is entitled to obtain a return of the property replevied to him, can obtain a judgment of the court awarding such return, which, if not complied with, entitles the defendant to say that the promise of the sureties contained in the undertaking, to return the replevied property, or pay the value thereof in case a return should be adjudged, has become absolute. It is just as much the duty of a defendant, in a replevin suit, from whom property has been taken and delivered to the plaintiff, upon the dismissal of such a suit by the plaintiff, to

proceed under § 184, if he desires to obtain a return of the property, or a right of action on the undertaking, as it is his duty to claim such return when the case is tried on its merits. If this case had been tried upon its merits, and the defendant in error had failed to claim a return of the property, and only a judgment for costs had been rendered in her favor, there would be no question but that the liability of the sureties would be measured by such judgment. (*Kayser v. Bauer*, 5 Kas. 211, 212.)

That § 184 fully protects the rights of a defendant in a replevin suit when the same is dismissed by the plaintiff, has been decided in this court. (*McVey v. Burns*, 14 Kas. 291.)

That we are sustained in our position, both upon principle and the greater weight of American authorities, we refer to the following authorities, each of which we believe directly in point: 11 Me. 66; 21 id. 83; 7 Cal. 390, 568; 10 id. 390; 24 id. 147; 49 id. 304; 6 Minn. 415; 7 Dana, 333; 7 Harper, 215; 2 McCord, 31; 3 id. 43; 17 Ark. 391; 14 Conn. 109; 1 Wis. 412; 1 Pick. 287.

*Cunningham & McCarty*, for defendant in error, to sustain the ruling of the court below, cited: 26 Mo. 511; 29 id. 473; 45 id. 373; 10 Iowa, 45; 5 Blackf. 291; 21 Cal. 274; 30 Conn. 139; 38 Ill. 228; 2 Col. 498; 2 Ill. App. 136; Morris on Replevin, 252, 260–262; Wells on Replevin, 413–415.

The opinion of the court was delivered by

BREWER, J.: This was an action on a replevin bond. The petition set forth a copy of the bond, which was in the ordinary statutory form, and alleged that the plaintiff in the replevin action, having obtained possession of the property, dismissed his action without going to trial. The petition in this action alleged the value of the property replevied in the other, and prayed judgment against the sureties in the replevin bond for such value. A demurrer to this petition was made, and overruled; and this ruling is the error complained

of. It may be remarked that, prior to the demurrer, the defendants moved to strike from the petition all allegations of the value of the property replevied; and also moved to make the petition more specific and definite, by attaching to it a copy of the order and judgment entered at the time of the dismissal of the action. Both these motions were overruled. Upon the question raised by the demurrer, it is insisted that the statute provides for determining the rights of the defendant in a replevin action, in case of a dismissal by the plaintiff (*McVey v. Burns*, 14 Kas. 291); and that the liability of the sureties is determined by the judgment rendered in such action (*Kayser v. Bauer*, 5 Kas. 211); and that therefore no liability attaches to the sureties, except as fixed and determined by the judgment in the replevin action. We cannot assent to this proposition of plaintiffs in error. Doubtless the defendant in a replevin action has a right to insist upon a trial and judgment, notwithstanding a dismissal by the plaintiff (*McVey v. Burns*, supra); and unquestionably, if he has such trial and judgment, his rights are determined thereby (*Kayser v. Bauer*, supra). But if, on the other hand, upon a dismissal by the plaintiff of his action, the defendant does not seek a trial and judgment, he is not precluded of his full remedy upon the bond. One of the conditions of the bond is, that the plaintiff shall duly prosecute his action. That is a separate and independent condition. Upon breach of that condition, the defendant is entitled to recover all the damages he has sustained thereby. The fact that he has not pursued one remedy given by statute does not deprive him of the general remedy upon the bond. (*Marix v. Franke*, 9 Kas. 132.) He may bring his action upon the bond; and as that bond was conditioned that the plaintiff should duly prosecute the action, and as by the dismissal thereof plaintiff has so failed to prosecute, and as by means of the bond plaintiff has obtained possession of property apparently belonging to the defendant, the defendant is, *prima facie* at least, entitled to recover of the sureties the value of the property thus taken from him.

The following authorities sustain the ruling of the district

court: *Berghof v. Heckwolf*, 26 Mo. 511; *Hanson v. Reed*, 29 id. 473; *Elliott v. Black*, 45 id. 373; *Hall v. Smith*, 10 Iowa, 45; *Brown v. Parker*, 5 Blackf. 291; *Mills v. Gleason*, 21 Cal. 274; *Humphrey v. Taggart*, 38 Ill. 228. Its ruling must therefore be affirmed.

All the Justices concurring.