GEORGE W. BROWN, *as Administrator of the Estate of Robert K. Manning, deceased,* N. E. WEAVER, AND H. B. LOWE, V. MRS. E. S. MANNING.

ACTION OF REPLEVIN, *Not Maintained.* Mrs. M. furnished two of her sons, who were then living at home with her as a part of her family, with $500, with the understanding that the sons should purchase cattle with the same, and should keep, take care of and feed the cattle, and that she should pay them for their services. The cattle at all times were to remain the property of the mother, who was to have the right to sell the same whenever she might choose; and it was further understood that whenever she sold any of the cattle the proceeds thereof were, at the option of the parties, either to be divided among the mother and sons, or to be again invested in cattle. At the end of five years the cattle on hand, and the money on hand arising from previous sales of cattle, were to be divided, the sons to receive their portion as compensation for their time, trouble and expenses in purchasing, keeping, taking care of and feeding the cattle. They were to have no other interest in the cattle than the mere right to receive such compensation out of them, or out of the proceeds of sales thereof. Just what amount the sons were to receive, or what their compensation should be, was not agreed upon. Several cattle were purchased under this arrangement, and in about one year thereafter R., the elder son, went to Colorado, and died. Afterward, E., the younger of the two sons, went to work upon a railroad, but just when is not shown. The mother took possession of the cattle. Afterward, the administrator of R. commenced an action of replevin against the mother to recover the property. *Held,* That the action cannot be maintained.

*Error from Lyon District Court.*

ACTION brought by *Mrs. E. S. Manning* against *George W. Brown,* as administrator of the estate of Robert K. Manning, deceased, and others, to recover on a replevin bond. The opinion contains a sufficient statement of the facts. At the March Term, 1882, of the district court, plaintiff had judgment for $277.13 damages, and $58.35 costs, against defendants, who bring the case here.

*C. N. Sterry, T. N. Sedgwick, J. J. Buck,* and *L. B. Kellogg,* for plaintiffs in error.

*Cunningham & McCarty,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought originally in the district court of Lyon county, by Mrs. E. S. Manning against Geo. W. Brown, administrator of the estate of Robert K. Manning, deceased, Josie A. Manning, N. E. Weaver, and H. B. Lowe, to recover on a replevin bond. Brown executed the bond as principal, and Manning, Weaver and Lowe executed the same as sureties. The principal question involved in both the replevin action and in this action, was with reference to the ownership of certain cattle. It appears that after Brown obtained possession of the cattle, by virtue of his replevin action, he then dismissed the action and did not prosecute the same any further. Mrs. E. S. Manning, one of the defendants in the replevin action and one of the obligees of the replevin bond, then commenced this action against Brown, Josie A. Manning and Weaver and Lowe, the obligors in the replevin bond as aforesaid, to recover damages sustained by reason of the taking of said cattle, including the value thereof.

We have once before had this case before us, and we then decided that the action might be maintained. (*Manning v. Manning*, 26 Kas. 98.) Since said decision, the action has been tried in the district court before the court and a jury, which trial resulted in a verdict and judgment in favor of the plaintiff, Mrs. E. S. Manning, and against the defendants, George W. Brown, *et al.* The jury found a general verdict, and also made special findings. The verdict and findings read as follows:

*General Verdict.*—"We, the jury in the above-entitled case, do find for the plaintiff."

*Special Findings of Fact Requested by Defendants, and the Jury's Answers Thereto.*—"1. Was Robert K. Manning, deceased, in his lifetime the owner of the cattle in plaintiff's petition described? A. No.

"2. If the jury answer the last question in the negative, they may then answer the following question: Was Robert K. Manning, deceased, in his lifetime a partner in any partnership which owned the cattle described in plaintiff's petition? A. No.

"3. If the jury answer the first question in the negative, they may then answer this question : Were not the cattle described in the plaintiff's petition the property of a partnership at the time of the death of Robert K. Manning? A. No.

"4. Did not Robert K. Manning at the time of his decease own some interest in the cattle described in the plaintiff's petition? A. Yes."

*Special Findings of Fact Requested by the Plaintiff, and Answered by the Jury.*—"If the jury shall answer the fourth special finding asked by defendants in the affirmative, was not such interest simply a share of profits as a compensation for the labor he had bestowed or was to bestow? A. Yes.

"When were the cattle, mentioned in plaintiff's petition, taken by the writ of replevin in the case of Brown *v.* Manning, *et al.?* A. September 11, 1879."

*Special Finding of Fact and Answer of the Jury Thereto, Submitted by the Court.*—"What was the value of the four head of steers, and four head of heifers, and one bull, of which the administrator of Robert K. Manning obtained possession? A. ($232.) Two hundred and thirty-two dollars."

The court below rendered judgment in favor of the plaintiff and against the defendants, in accordance with the general verdict and special findings of the jury, and in accordance with certain stipulations before that time entered into between the plaintiff and the defendants. The defendants now, as plaintiffs in error in this court, claim that the verdict and findings are not sustained by sufficient evidence, and are contrary to law, and that the court below gave an instruction to the jury which was misleading. The supposed misleading instruction reads as follows:

"A sharing of profits of a venture does not necessarily make the parties sharing, partners. Where a party, without any interest in the property, is by agreement to receive as compensation for his services, and only as compensation therefor, a certain portion of the profits, he does not thereby become a partner in such property."

We cannot say that the verdict and findings are not sustained by sufficient evidence, or are contrary to law, or even that they do not do *exact justice* between the parties; nor can we say that the instruction above quoted is misleading. Un-

der the verdict and findings of the jury and the judgment of
the court below, we must consider that portion of the evi-
dence as true which tends to support the verdict and findings
and judgment, although it may be contradicted by other evi-
dence; and considering the case in this light, the facts of the
case are substantially as follows: In 1878, Mrs. E. S. Man-
ning borrowed $500 and gave it to her two sons, Robert K.
and Ed. Manning, to invest in cattle. The cattle were to
belong to Mrs. Manning, but the sons were to take care of
and feed them, and she was to pay her sons for their services.
She had the right to sell any portion of the cattle at any
time, and the proceeds of any such sales were, at the option
of the parties, either to be divided, or again be invested in
cattle in the same manner as the first $500 were. This ar-
rangement between Mrs. Manning and her sons was to con-
tinue for five years from the time when they first entered into
the arrangement. At the end of the five years the cattle on
hand, and any money on hand arising from previous sales of
cattle, were to be divided. There was no agreement as to
how the cattle or the money should be divided, or how much
the sons should receive of either, or what the compensation of
the sons should be; but evidently the cattle and the money
were to belong to Mrs. Manning until the division; and
when the division was made, the sons were evidently to re-
ceive only a sufficient amount to compensate them for their
time, trouble and expenses in purchasing the cattle, and in
taking care of and feeding them; that is, the sons were sim-
ply to receive compensation for their time, trouble and ex-
penses out of the cattle and the proceeds of the sales of cattle,
and were not to be paid in any other manner, and were not
to have any other or different interest in the cattle than the
mere right to receive compensation out of the cattle them-
selves, or the proceeds thereof, or both. If the mother had
sold all the cattle, as she had a right to do, they would have
had a right only to some portion of the proceeds thereof.
They certainly had no title in the cattle, and no absolute
right to possession, for the mother, by a sale if not otherwise,

could deprive them of the possession at any time. Their only right was compensation.

Taking this view of the case, we think the plaintiff had the right to recover in this action. The evidence, however, was conflicting. Even the testimony of the plaintiff herself was vague, unsatisfactory, and in some particulars contradictory; but the jury saw all the witnesses and heard all their testimony, and they could form a much more correct judgment of the real facts of the case than we can. As to replevin for the recovery of joint property in the hands of a tenant-in-common, see *Blaker v. Sands,* ante, p. 551.

Perhaps it would be well enough here to state that when the arrangement was originally made betwen Mrs. Manning and her two sons, the two sons were living at home as a part of her family. They had no means of their own, and had never done business for themselves before that time. Robert K. was only twenty-two years of age, and Ed. was still younger. The cattle which they afterward bought were taken care of not only by Robert K. and Ed., but also by the other members of the family, and the family consisted of several members. This arrangement, as before stated, was made in the spring of 1878, and in 1879 Robert K. went to Colorado, and there died. Afterward, Ed. went to work on the railroad, but just when is not shown. The cattle were received from Mrs. Manning on September 11, 1879, by George W. Brown, the administrator of the estate of Robert K., as before stated. We do not think that it is necessary to mention any of the other facts. Perhaps it was not necessary to mention even those we have just stated; but we have done so in order that a more correct knowledge of the case may be had.

We have often had occasion to say that we will not retry a case in this court upon conflicting and contradictory evidence; and it will probably be proper to reiterate the same thing in this case. In all such cases we must take the facts of the case as they are found by the court and jury, and simply apply the law to such facts, and determine from such

facts whether the proper judgment was rendered in the case, or not. Undoubtedly the plaintiffs in error, defendants below, believe that the verdict is erroneous, and that great injustice has been done; but this is nearly always the case where the evidence is conflicting, or uncertain and pretty evenly balanced. After a careful consideration of the evidence in this case, and taking it just as it is — vague, uncertain, unsatisfactory, and in some particulars contradictory— we have come to the conclusion that we cannot say that an erroneous or unjust verdict was rendered.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.