LAVELLE ET AL., appellants, *v.* THOMAS M. LOWRY, defendant.

PERSONAL PROPERTY — *Claim and delivery — Return of property — Findings.* — In an action of claim and delivery of personal property, where there is an issue as to the title and right of possession, and a finding in favor of the defendant, a judgment for the return of the property follows as a matter of course, even if the complaint does not contain a formal prayer for the return thereof. In such case a finding that, at the commencement of the action, the property was delivered to the plaintiff, is immaterial, and will not vitiate the judgment.

*Appeal from Second District, Silver Bow County.*

ROBINSON & STAPLETON, for appellants.

The pleadings show that property remained in hands of defendant, and the prayer of the answer is only for costs. The judgment for return of property, or payment

of its value, $450, was erroneous.   *Gould* v. *Scannell,* 13
Cal. 430.

Answer should have alleged delivery of property to
plaintiffs and sustained it by proof to warrant the judg-
ment.   *Nickerson* v. *Chatterton,* 7 Cal. 568; *Sterling* v.
*Hanson,* 1 Cal. 478; *Gregory* v. *Nelson,* 41 Cal. 278.

A fact contained in findings of court which contradicts
admissions of pleadings will not be regarded, and no pre-
sumption that it was founded upon competent evidence
will be indulged.   *Burnett* v. *Stearns,* 33 Cal. 473; 2
Comstock, 506; Wells on Replevin, sec. 491.

Defendant must claim return of property before such
a judgment can be entered.   R. S. p. 95, sec. 291.

KNOWLES & FORBIS, for respondent.

WADE, C. J.   This is an action of claim and.delivery,
and involves the ownership and right.of possession to
six certain oxen, described in the complaint.   The plaint-
iffs allege title and the wrongful taking of said property
from their possession by the defendant.   The defendant
denies the title and possession of plaintiffs, alleges title
and possession in a third person, and justifies his seizure
and possession of the property as sheriff of the county,
under and by virtue of writs of attachment lawfully
issued in actions by such third person.

The cause was tried to the court, and there were find-
ings of fact to the effect that the defendant is entitled to
the possession of the property; that at the commence-
ment of the action the said property was delivered to the
plaintiffs, who now have possession of the same; and
that the property is of the value of $450.   Thereupon it
was ordered that the defendant have judgment against
the plaintiffs for the return of the property, or, in case a
return thereof cannot be had, for the sum of $450, the
value thereof, and for costs of suit.   The appellants attack
this judgment upon the ground that the same is not au-

thorized by the pleadings, and specify that the answer does not allege that the property was in the possession of the plaintiffs at the commencement of the action; that the complaint and answer show that the defendant remained in possession of the property, and that the answer does not demand a return thereof. The issue in this action was the ownership and right of possession to the property in question. The defendant denied the title and possession of plaintiffs, and alleged title and possession in a third person, under whom he claimed. Upon this issue the court found against the plaintiffs and in favor of the defendant. If the property at the commencement of the action was delivered to the plaintiffs, the judgment ought to require its return, and if the pleadings do not authorize such a finding, they might, if necessary, be so amended as to conform to the issue tried in the evidence. But we do not think any amendment necessary in the case.

The complaint supports the judgment, and the findings do not contradict the pleadings. In an action of claim and delivery of personal property, where there is an issue as to the title and right of possession and a finding in favor of the defendant, a judgment for the return of the property follows as a matter of course, even if the complaint does not contain a formal prayer for a return thereof. The fact of ownership and the right of possession justifies a judgment for the return of the property. This is not in conflict with the case of *Gould* v. *Scannell,* 13 Cal. 431, relied on by appellants, in which it is declared that the judgment of return is in the nature of a cross judgment, and there must be some appropriate averments in the pleadings to put in issue the facts upon which the relief is given. Of course, the answer must contain sufficient averments of fact to authorize the relief awarded. An averment of title and right of possession in the defendant supports a judgment for return of the property. The vital question in such a case is, who is the owner

and entitled to the possession of the property? And the determination of this question settles the rights of the parties. If the plaintiff is not the owner of the property, and has no interest in it or right to its possession, and has not the possession of the property, and the same is in the possession of the defendant pending the trial of title, then a judgment awarding a return of the property to the defendant does not injure the plaintiff, and he cannot complain. He is simply ordered to do what has already been done. The judgment becomes inoperative because it has nothing to act upon. But if upon such an issue, and the title and right of possession is found in the defendant, then a judgment for a return of the property follows as a matter of course. Such a finding would support such a judgment. If the defendant sets up an affirmative right to the property, and there is a finding in his favor, a return of the property will be adjudged If the right of property is put in issue by the defendant, and the finding is in his favor, the award of a *retorno habendo* is a matter of course, whether he prayed for a return in his plea or not. *King* v. *Ramsey*, 13 Ill. 623; *Underwood* v. *White*, 45 Ill. 437.

If the answer states facts as to the ownership or right of possession, sufficient to justify a return, and the evidence warrants it, a judgment of return will be awarded. *Lewis* v. *Buck*, 7 Minn. 105. The averment of title of the defendant, or a plea setting up ownership in a third person, averring a right of possession, with a formal traverse of the plaintiff's rights, is sufficient to justify a judgment for the return of the property. Wells on Rep. sec. 489.

If, therefore, a judgment for return of the property is awarded, as a matter of course, where the right of property is put in issue by the defendant, and the finding is in his favor, it follows that a finding that, at the commencement of the action, the property was delivered to

. the plaintiff, is immaterial. The finding of an immaterial fact not within the issue tendered will not vitiate the judgment.

Judgment affirmed, with costs.