WHEELER ET AL., APPELLANTS, *v.* JONES ET AL., RE-
SPONDENTS.

[Submitted April 16, 1895. Decided April 22, 1895.]

CLAIM AND DELIVERY—*Verdict.*—Under section 277 of the Code of Civil Procedure a failure to find all the facts that should be found by a jury in an action for the recovery of specific personal property does not invalidate the verdict. (*Miles* v. *Edsall*, 7 Mont. 185, cited.)

SAME—*Verdict in alternative—Judgment.*—In replevin a judgment may be rendered for the return of the property under a verdict,—"We, the jury, find for the defendants." The failure of the jury to find a verdict in the alternative is not a matter of which the plaintiff can complain, since upon a general verdict in such case an order for the return of the property follows as a matter of course. (*Anderson* v. *O'Laughlin*, 1 Mont. 81; *Lavell* v. *Lowry*. 5 Mont. 498, cited.)

*Appeal from Eighth Judicial District, Cascade County.*

CLAIM AND DELIVERY. Judgment was rendered for the defendants below by BENTON, J. Affirmed.

*Donovan & Lyter*, for Appellants.

*Leslie & Downing*, for Respondents.

PEMBERTON, C. J.—This is an action of replevin. Plaintiffs in their complaint state that they are the owners, and entitled to the possession, of a large amount of jewelry, which they allege defendants to be in the wrongful possession of.

All the material allegations of the complaint are denied by the answer. It appears from the record that the sheriff was only able to find in the possession of the defendants a portion of the jewelry claimed by plaintiffs. The articles he did find and take possession of he turned over to the plaintiffs, the defendants failing to give the necessary undertaking to hold possession thereof pending the suit. The case was tried to a jury. The verdict of the jury is as follows: " We, the jury, find for the defendants." This verdict was rendered on the 22d day of March, 1893, at the March term of the district court. On the 23d day of March, 1893, the clerk entered judgment on said verdict in favor of defendants for costs. On the 4th day of April thereafter, and during the March term of the court, on motion of the defendants, without notice to plaintiffs, the court entered a judgment in the case, modifying said judgment entered by the clerk, in effect directing the return of the property which the sheriff had taken from the defendants and delivered to the plaintiffs. On the same day plaintiffs filed a motion to vacate and set aside said amended or modified judgment. This motion, it seems, was permitted to go over, without action thereon by the court, to the July term of the court in said year. On the 19th day of July of said year, and during the regular July term of the court, said motion was heard, and by the court sustained, and said modified judgment was vacated, seemingly because it had been entered without notice. Thereafter notice of motion to modify the clerk's judgment was given, and on the 24th day of July, during said July term of the court, the same was heard, counsel for both parties being present, and by the court sustained, and the same amended judgment was entered which had been vacated by the court. To this action of the court the plaintiffs excepted, and appeal from the modified judgment so rendered.

The appellants contend that the court had no authority, on the verdict rendered, to enter judgment for the return of the property taken by the sheriff from the defendants, and de-

livered to the plaintiffs. The contention of the appellants is that, as the verdict did not find for a return of the property, the court had no authority to render judgment for a return thereof.

Under our statute (section 277, Code Civ. Proc.), a failure to find all the facts that should be found by a jury does not invalidate the verdict. (*Miles* v. *Edsall*, 7 Mont. 185.)

In *Sumner* v. *Cook*, 12 Kan. 162, a case involving quite all the facts and circumstances disclosed by this record, and where the verdict was exactly like the one in this case, Mr. Justice Brewer, delivering the opinion of the court, says: Two questions are in this case. The action in the district court was one of replevin. The property had been delivered to the plaintiff. The verdict was for the defendants. The judgment entered was that defendants recover their costs. At the same term, on motion of defendants, the judgment was modified so as to include a return of the property. Upon the verdict the defendants were entitled to such judgment. (*Kayser* v. *Bauer*, 5 Kan. 202.) A failure of the jury to find the value did not invalidate the verdict or prevent a judgment for the return. (*Marix* v. *Franke*, 9 Kan. 132.) The court had the power upon motion to modify the judgment. (Code, §§ 568, 569.) The grounds for the modification are not disclosed in the motion nor the record, and we must therefore presume them sufficient. How the error in the judgment happened we are not informed, and must therefore presume it was from a mistake or omission of the clerk, which the court had power to correct by motion. Both parties appeared, and were heard by counsel on the motion. No advantage was therefore taken, and no error is apparent in the ruling.''

In *Anderson* v. *O'Laughlin*, 1 Mont. 81, where there was a general verdict for the defendant, in a case like the one at bar, the court say: ''We see no error in the face of the record before us of which appellant has a right to complain. He is not injured by the form of the verdict. The respondent might complain that the jury failed to find, in their verdict, the value

of the property; that he was entitled to a return thereof, and to assess his damages; but the appellant cannot.   Upon a general verdict for defendant upon these issues, under our statute, as well as at common law, an order for return and judgment for costs followed as a matter of course." (See, also, *Lavelle* v. *Lowry*, 5 Mont. 498; *Waldman* v. *Broder*, 10 Cal. 379;. *Campbell* v. *Jones*, 38 Cal. 507; *Pico* v. *Pico*, 56 Cal. 453.)

That the verdict was irregular and incomplete, and that the judgment was not in the alternative for the return of the property, or the value thereof, were matters of which the defendants might complain; but we fail to see how the plaintiffs could be injured on account of said irregularities or defects.   (Cobbey on Replevin, § 1108, and authorities cited.)   We think the judgment should be affirmed; and it is so ordered.

*Affirmed.*

DE WITT and HUNT, JJ., concur.