BARRETT, APPELLANT, *v.* SHIPLEY, RESPONDENT.

(No. 4,721.)

(Submitted March 18, 1922. Decided April 17, 1922.)

[206 Pac. 430.]

*Claim and Delivery—Complaint—Insufficiency—Judgment— Verdict—Surplusage—Pleadings—Amendment After Issue Joined—Discretion.*

Claim and Delivery—Complaint—Insufficiency.
1.  Absence of allegation in the complaint in a claim and delivery action that plaintiff was entitled to the possession of the property at the time the action was commenced rendered the pleading insufficient.

Pleadings—Amendment After Issue Joined—Discretion.
2.  Application to amend the complaint after issue joined is addressed to the sound legal discretion of the trial court, and the showing made in support of it must be sufficient to move that discretion, amendments being allowable in furtherance of justice but not where the applicant has been guilty of indifference or neglect.

Claim and Delivery—Complaint—Amendment—When Refusal not Error.
3.  Where the sufficiency of the complaint in a claim and delivery action had been challenged in the justice court and no effort to amend was made by plaintiff for fifteen months thereafter or until the trial in the district court on appeal had commenced and no showing was made or any excuse offered for the delay, refusal to permit the amendment then *held* not an abuse of discretion.

Same—Directing Verdict—Technical but Harmless Error.
4.  Since, in legal effect, a motion for a directed verdict is a demurrer to the evidence, where no evidence was introduced in a claim and delivery action, an order directing the jury to find in favor of

defendant, was technical error, section 9317, subdivision 5, Revised Codes of 1921, providing that in such a case a nonsuit or dismissal of the complaint is the proper remedy; *held*, however, that the error was harmless, the action taken by the court having placed plaintiff in no worse position than he would have been if the statute had been strictly pursued.

Same—Verdict—Surplusage.

5. Where, in an action in claim and delivery in which no evidence whatever was introduced and the court granted defendant's motion for a directed verdict, the jury returned a general verdict in his favor and in addition determined the questions of ownership and value of the property, matters which were not properly before it, the additional findings must be treated as surplusage and disregarded and the general verdict permitted to stand.

Same—Judgment for Return of Property and Costs Proper.

6. In an action in claim and delivery where plaintiff, who had taken possession of the property at the commencement of the action, failed to establish his case, judgment directing its return to defendant and awarding costs was proper.

Same—Judgment in Alternative—When Proper.

7. The requirement that in an action in claim and delivery the judgment must be in the alternative, *viz.*, for the return of the property, or in case return cannot be made, for its value, *held* to apply only to a case tried upon the merits, and that therefore such a judgment in a case in which a verdict was directed for defendant because the complaint did not state facts sufficient to state a cause of action was error.

Same—Value of Property—Alternative Judgment—Harmless Error.

8. Where plaintiff in his action in claim and delivery (not tried upon the merits) had alleged that the value of the property in dispute was $50, he was in no position to complain of error in rendering judgment for defendant for the return of the property of which plaintiff had taken possession on commencement of the action, or for the value ($50) alleged by him.

*Appeals from District Court, Stillwater County; Albert P. Stark, Judge.*

ACTION by J. J. Barrett against E. T. Shipley, brought in a justice of the peace court, and appealed to the district court. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

*Messrs. Dillavou & Moore* and *Mr. M. J. Lamb,* for Appellant, submitted a brief.

Since it is the object of the law to try actions on their merits and not to dismiss them on mere technicalities, pleadings should be liberally construed when it is sought to take advantage of a defect by a motion for dismissal or nonsuit, and

defendant is not entitled to a dismissal or nonsuit for the insufficiency of the complaint where the defect may be obviated by amendment. (*De Celles* v. *Casey*, 48 Mont. 568, 139 Pac. 586; *McManus* v. *Walters*, 62 Kan. 128, 61 Pac. 686; *Drennan* v. *Williams*, 59 Colo. 301, Ann. Cas. 1917A, 664, 148 Pac. 265; *Harold* v. *Baltimore etc. R. Co.*, 133 Fed. 384, 66 C. C. A. 446; *Littlefield* v. *Maine Cent. R. Co.*, 104 Me. 126, 71 Atl. 657; *Branson* v. *Industrial Workers of the World*, 30 Nev. 270, 95 Pac. 354; *Pacific Pav. Co.* v. *Vizelich*, 141 Cal. 4, 74 Pac. 352; *Richardson* v. *Carbon Hill Coal Co.*, 6 Wash. 52, 20 L. R. A. 338, 32 Pac. 1012; 18 Corpus Juris, pp. 1187, 1188; R. C. L., sec. 24, p. 206.)

We fail to see how the plaintiff did not use due diligence when he thought the complaint stated a cause of action. He had tried the case in justice court, and the court rendered a judgment in his favor. He thought that the case would be tried anew in the district court on its merits. Plaintiff's attorneys asked leave to amend as soon as they learned that the complaint was defective. (See *McManus* v. *Walters*, 62 Kan. 128, 61 Pac. 686.)

Appellant was entitled to judgment of dismissal with costs. This much followed as a necessary consequence of the respondent's inability and failure to proceed to the trial of the case. But his right to judgment for a return of the property, or for the value, if a return could not be had, was not established by such failure on the part of the respondent. It was incumbent on him to establish such right affirmatively. When the defendants moved for a directed verdict without introducing any evidence in this replevin action, the only judgment which the court could render was a judgment of nonsuit. It was error to render a judgment on the merits. (*Walbridge* v. *Shaw*, 7 Cush. (Mass.) 560; *Barruel* v. *Irwin*, 2 N. M. 223; *Capital Lumbering Co.* v. *Hall*, 10 Or. 202; *Collamer* v. *Page*, 35 Vt. 387; *Bath* v. *Ingersoll*, 1 Wyo. 280; 34 Cyc. 1516; 18 Corpus Juris, 1200.)

*Mr. M. L. Parcells,* for Respondent, submitted a brief and argued the cause orallly.

Amendments to pleadings are within the discretion of the trial court, and a case will not be reversed on account of the rulings of the court unless there has been a manifest abuse of discretion. (*First Nat. Bank* v. *How,* 1 Mont. 604; *Borden* v. *Lynch,* 34 Mont. 503, 87 Pac. 609; *Barngrover* v. *North,* 35 Mont. 448, 90 Pac. 162; *Cullen* v. *Western M. & W. Title Co.,* 47 Mont. 513, 134 Pac. 302.)

Appellant contends that the only judgment the court should have entered was one of nonsuit on motion therefor by respondent. No such motion was before the court, and even though it had been and the court had seen fit to grant the same, the judgment which the court would have rendered after granting the nonsuit would have been identical with that which it did in fact render. It will be remembered that this was an action in claim and delivery involving the right of possession of certain personal property which, to all intents and purposes, had been taken from the defendant and brought into court by the plaintiff, and the decision of the court of necessity had to carry with it the determination as to which of the litigants were entitled to the animal. (*Anderson* v. *O'Laughlin,* 1 Mont. 81; *Wheeler* v. *Jones,* 16 Mont. 87, 40 Pac. 77; *Lavelle* v. *Lowry,* 5 Mont. 498, 6 Pac. 337; *Waldman* v. *Broder,* 10 Cal. 379; *Campbell* v. *Jones,* 38 Cal. 507; *Pico* v. *Pico,* 56 Cal. 453.) In *Archer* v. *Boudinet,* 1 Code R. (n. s.) 372, where the court held that if in the replevin the statement of the value of the property contained in the complaint is not denied by the answer and the jury omit to pass on the value of the property, the court may decide on the value for the purpose of making an allowance in addition to the costs. There was no showing before the court below, and neither is there any showing here, that the result would be or could be any different on a new trial if one were granted, or that any substantial rights of the appellant have been affected.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in a justice of the peace court to recover possession of a calf of the alleged value of $50. Plaintiff prevailed, and defendant appealed to the district court. When the cause came on for trial before the district court, plaintiff made application to amend his complaint, but the application was denied. When he called his first witness, defendant objected to the introduction of any evidence, on the ground that the complaint does not state facts sufficient to constitute a cause of action, and the objection was sustained. Plaintiff then renewed his motion to amend, but the motion was overruled, and he rested without having introduced any evidence. Thereupon defendant moved for a directed verdict, and the motion was sustained, verdict returned, and judgment rendered and entered. From that judgment and from an order denying a new trial, plaintiff appealed to this court.

It is conceded that the complaint is insufficient in that it [1] does not disclose that plaintiff was entitled to the possession of the animal at the time the action was commenced (*Chan* v. *Slater,* 33 Mont. 155, 82 Pac. 657) ; but it is insisted that the court erred in refusing permission to make an [2] amendment which would have cured the defect. Section 9755, Revised Codes of 1921, provides that an appeal from a justice of the peace court must be tried anew upon the papers filed in that court, unless the district court "for good cause shown" allows other or amended pleadings to be filed. Section 9187 provides that the district court, "in furtherance of justice," may allow a party to amend any pleading in an action commenced in that court. There is not any distinction in principle between the provisions of these two sections. In either instance the application to amend is addressed to the sound legal discretion of the court (*Cullen* v. *Western M. & W. Title Co.,* 47 Mont. 513, 134 Pac. 302), and it is elementary that there must be such a showing made as will move the

court's discretion. While under our liberal Practice Act amendments are allowed generally, they are to be allowed in furtherance of justice, and not as a reward for indifference or neglect.

This action was commenced in June, 1918, tried in the justice [3] of the peace court in July, the record on appeal lodged in the district court in August, 1918, and the cause brought to trial in the district court in October, 1919. In passing upon the application to amend, the trial court directed attention to these facts and to the further facts that the sufficiency of the complaint was challenged at the trial before the justice of the peace, that, though fifteen months elapsed thereafter, no effort was made to have the pleading amended until the trial had commenced in the district court, and that there was not any showing made or any excuse for the delay offered. Under these circumstances it cannot be contended seriously that the court abused its discretion. The language employed in the *Cullen Case* above is peculiarly applicable here, and further discussion of this assignment is unnecessary. In that case this court said: "While it is the policy of our law to permit amendments to pleadings in order that litigants may have their causes submitted upon every meritorious consideration that may be open to them (Rev. Codes, secs. 6588, 6589), and while it is the rule to allow, and the exception to deny, amendments (*Leggat* v. *Palmer,* 39 Mont. 302, 102 Pac. 327; *Flaherty* v. *Butte Electric Ry. Co.,* 43 Mont. 141, 115 Pac. 40), yet they are not at all stages of the proceedings a matter of right. After issue joined, the matter lies within the sound judicial discretion of the trial court, and an abuse of that discretion must be made to appear before this court can say that a refusal of leave to amend was wrong."

It is contended, further, that the court erred in directing a [4] verdict, and that the proper practice should have been to grant a nonsuit or dismiss the complaint, in conformity with the provisions of subdivision 5, section 9317, Revised Codes of

1921. Speaking with technical precision, this contention is well founded. A motion for a directed verdict is, in legal effect, a demurrer to the evidence (*McIntyre* v. *Northern Pac. Ry. Co.,* 56 Mont. 43, 180 Pac. 971), and, since there was not any evidence before the court, the proceeding was irregular; but a cause will not be reversed for a mere technical error which does not affect the substantial rights of the party complaining (sec. 9191, Rev. Codes 1921). Plaintiff was not injured by the irregularity, for he is not placed in a worse position than he would have been if the court had observed strictly the provisions of section 9317, above.

In *Consolidated Gold & Sapphire Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152, this court said: "But it has always been the practice in this jurisdiction that, when the evidence on the part of the plaintiff does not tend to establish the cause of action stated in the complaint, the court may direct a verdict or take the case from the jury and enter a judgment of nonsuit. In such case there is nothing for the jury to find. [Citing cases.] Whether the court pursues one course or the other, the result is the same; for, though the court directs the return of a formal verdict, the result is nothing more than a determination of the case by the court, the jury performing no other office than that of giving form to the court's conclusion."

The verdict returned by the jury reads as follows: "We, the jury in the above-entitled action, by direction of the court, find the issues in favor of the defendant, and against the plaintiff. We find that the defendant is the owner of and entitled to the possession of the animal described in the plaintiff's complaint, and that the value thereof is the sum of $50." Since the burden of proof was upon the plaintiff, and there was not any evidence whatever introduced, it is manifest that the only verdict which could be returned was a general verdict for the defendant. Without evidence it was impossible for the jury to determine the question of ownership, and without

either evidence or direction from the court there could not be a determination of the question of value. However, the fact that the jury exceeded its authority and found upon questions not properly before it does not vitiate the verdict in its entirety. It is still a valid general verdict for the defendant, and the additional findings upon the questions of ownership and value may be treated as surplusage and disregarded. (*McLean* v. *Douglass,* 28 N. C. 233; 27 R. C. L. 853.)

The judgment does not determine the question of ownership [6, 7] but directs a return of the property which had been taken by the plaintiff at the commencement of the action, and awards to defendant his costs. This form of judgment was approved in *Wheeler* v. *Jones,* 16 Mont. 87, 40 Pac. 77. The return of the property and the award of costs follow as incidents of plaintiff's failure to establish his case. The judgment directs a return of the property or its value, $50, in the event that the delivery of possession cannot be had. The court evidently proceeded upon the theory that section 9406, Revised Codes of 1921, requires that in every action in claim and delivery the judgment must be in the alternative; but the most cursory reading of the statute indicates that it applies only to a case which has been tried upon the merits. However, plaintiff was not injured. He alleges that the animal is of [8] the value of $50, and cannot complain that the court accepted his allegation as true. In an affirmative defense defendant alleges that the animal is of the value of $75, but it was competent for him to waive that defense, and he did so specifically in his motion for a directed verdict. The errors committed by the trial court did not prejudice the plaintiff in any substantial rights.

The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES COOPER and GALEN concur.